BRUINS vs. DOWNEY.

APPEAL FROM JUSTICE'S COURT. *Proceedings in absence of justice's return.*

1. Upon appeal from a justice's judgment, until the justice has made a return showing the proceedings and judgment in his court, no proceeding can regularly be had in the appellate court, except for a dismissal of the appeal, or for an order compelling a proper return.

2. If consent of parties that the appellate court should try the appeal on the papers there on file in the case, and that what purported to be the evidence taken in the case on trial in justice's court should be taken to be such evidence and the *whole thereof*, would enable the court to try the cause (a point not decided), still such consent is not shown by the mere fact that the respondent appeared and argued the cause in the appellate court; especially where he excepted to its judgment of reversal on the ground that there was no evidence before it to sustain such reversal.

APPEAL from the County Court of *Fond du Lac* County. This action was commenced in a justice's court; and, upon the trial there, judgment was rendered in favor of the defendant. Plaintiff appealed from that judgment to the county court of Fond du Lac county. No affidavit was made by him to entitle him to a new trial in that court, and it does not appear that the justice ever returned to that court the proceedings had before him. The record returned to this court states that, after hearing counsel of the respective parties, the county court reversed the decision of the justice, with costs to the plaintiff.

From this judgment the defendant appealed.

The cause was submitted on the brief of *E. L. Runals* for the appellant, and that of *Turner & Thompson* for the respondent.

TAYLOR, J. The records and papers returned to this court do not show that any return was ever made to the county court of the proceedings had before the justice. Until the justice made a return of his proceedings and the judgment in his court, to the county court, no proceeding in the case could be

Bruins vs. Downey.

regularly had in that court, except an application for an order to compel such return, or an application to dismiss the appeal. The appellate court, in the absence of a return by the justice, could not lawfully reverse the judgment, for the reason that there was nothing before that court showing any errors in the proceedings in the court below. If the parties could have conferred power upon the county court to hear and try this action, in the absence of a return by the justice, by stipulation of the parties that it should be tried upon the papers on file in the case, and that what purported to be the evidence in the case on the trial in the justice's court, should be taken to be the evidence and the whole thereof which was given on such trial, still we are of the opinion that there is nothing appearing in this record which shows that any such stipulation was made in the case. The allegation that the defendant appeared and argued the case, does not show that he consented that the court should try the case upon the papers on file in the county court, as though they had been properly certified there by the justice. For anything disclosed by the record, the counsel for the defendant may have argued in the county court that the judgment of the justice could not be lawfully reversed by the county court for the want of a proper return by the justice, and because there was nothing before that court to show that the judgment of the justice was erroneous. That the defendant did use such argument upon the trial in the county court is rendered probable from the fact that he excepted to the judgment on the ground that there was no evidence before it upon which a reversal of the judgment could properly be made, and because the court did not have any proofs before it that the court below erred in its judgment. If the plaintiff desired to have a trial of the action in the county court, he should have made application to that court for an order requiring the justice to make a proper return upon his appeal; and upon the making of such return the county court would have power to hear and try the same. That course may still be open to the plaintiff upon filing the remittitur from this court.

*By the Court.* — The judgment of the county court is reversed, with costs,.and the cause remanded for further proceedings according to law.