ALLARD, Respondent, vs. SMITH, Appellant.

*October 27 — November 16, 1897.*

*Appealable order: Justice's court, appeal from.*

1. An order of an appellate court refusing to compel a justice of the
   peace to make a return to an appeal from a judgment rendered
   by him is one that affects a substantial right and practically pre-
   vents a judgment from which an appeal can be taken, since the
   return is essential to a trial of the appeal, and such order is there-
   fore, under subd. 1, sec. 1, ch. 212, Laws of 1895, appealable to the
   supreme court.
2. The statute (sec. 3763, R. S.) gives a justice of the peace thirty days
   in which to make a return after an appeal has been perfected, and
   an order to compel him to make such return should not be made
   before the expiration of that time, even though the justice has
   declared that he will not make it.
3. Where a justice of the peace refused to make a return to an appeal
   on the ground that the fees tendered him were insufficient, the
   papers on an application to compel him to make a return should
   show affirmatively that he had been tendered the full legal fees.

APPEAL from an order of the county court of Fond du Lac
county: A. E. RICHTER, Judge.   *Affirmed.*

A judgment was rendered in a justice's court against the
defendant.   He at once, on the 15th day of January, 1897,
presented to the justice a notice of appeal with the proper
affidavit, and tendered him $7.50 as and for the sum required
to be paid to the justice upon taking an appeal.   The justice
told him the sum was too small, and refused to receive it,

but claimed that $9.50 was the proper sum. The defendant made no further tender, and the justice declared that he would not make a return. The defendant at once applied to the appellate court for an order to compel the justice to make a return. The application was denied on February 13, 1897, and the defendant appeals.

For the appellant the cause was submitted on the briefs of *Charles D. Smith.*

For the respondent there was a brief by *Duffy & McCrory,* and oral argument by *J. H. McCrory.*

NEWMAN, J.    The contention arises out of a dispute between the appellant and the justice of the peace over the amount of fees to which the latter was entitled before he could be compelled to make a return. The whole difference between them was the sum of two dollars. The appellant clearly has the courage of his conviction. He pays his attorney, presumably, many times the sum in dispute, and takes the risks of the miscarriage of his suit. A more direct and less hazardous remedy seems to be furnished by sec. 2957, R. S. But the remedy by appeal seems to be more heroic. And the appellant seems to have a choice of remedies. If he has not chosen wisely, the misfortune is, at least, his own. But it scarcely seems to be worth the appellant's while to be at such expense and risk to adjust so small a matter, when he had a more expeditious and inexpensive remedy at home. It may be doubted if the sport is worth the candle. Still, it may vindicate an important principle, even if it illustrates anew the uncertainties of the law.

Whether the order is appealable depends upon whether it is " an order affecting a substantial right, made in any action, when such order, in effect, determines the action and prevents a judgment, from which an appeal might be taken." Laws of 1895, ch. 212, sec. 1, subd. 1. That the order affects a substantial right is clear. The right of appeal is an im-

portant and valuable right. It is favored by the courts. The purpose of the appeal is frustrated entirely by the want of a return. The order was made in the action. The perfecting of the appeal alone brought the action within the power of the appellate court. For some purposes it was pending there. It could not be tried there, in the absence of a return. But the appellate court had power to compel a return (R. S. sec. 3763) or to dismiss the appeal. *Bruins v. Downey*, 45 Wis. 496. The action was, potentially, in that court, where all proceedings necessary to make the appeal effectual were due. The order practically prevents a judgment from which an appeal might be taken. The respondent might move the dismissal of the appeal, and so afford room for the entry of a judgment dismissing the appeal. But it is at his option whether he does so. On the other hand, if the defendant moves to dismiss his own appeal, it is a judgment by consent. From such a judgment no appeal lies. *Hughes v. Feeter*, 23 Iowa, 547; *Imley v. Beard*, 6 Cal. 666; *Sleeper v. Kelly*, 22 Cal. 456; *Atkinson v. Manks*, 1 Cow. 691; *Treat v. Hiles*, 75 Wis. 265. So the order practically prevents a judgment from which an appeal might be taken, and is appealable.

On the merits, there was no legal reason why the court should order the justice to make a return until he was in default in respect to his duty to make it. The statute gives him thirty days after the appeal is perfected in which to make his return. R. S. sec. 3763. Until the expiration of that time he is not in default, nor compellable to make a return. In this case the return was not due at the time when the court declined to compel it. It really seems that the order was strictly right. True, the justice had said that he would not make a return. But, *non constat*, that before too late he would not have thought better of it. At least the statute gave him *locus pœnitentiæ*.

It is not needful to inquire whether sufficient fees were

tendered. The moving papers furnish no sufficient data. The appellant submitted a schedule of hypothetical fees, which he says would be "about what was legal." But this schedule omits at least some items which, it may fairly be assumed, should be included, as the issuing of subpœnas. The plaintiff must prove his case. It was the duty of the justice to take that evidence in writing. For this he was entitled to a fee. There are no data to show how much this may have been. Perhaps this item would be more than the amount in dispute. No doubt the burden was on the appellant to show affirmatively that he had tendered the full legal fee. The justice denied that he had tendered the full fee. On the whole, the less heroic would have been the more safe course.

*By the Court.*— The order of the county court of Fond du Lac county is affirmed.