ALLARD, Respondent, vs. SMITH, Appellant.

*November 18—December 11, 1903.*

*Appeals from justices' courts: Duty of appellant: Justices of the peace: Return on appeal, by whom made: Inherent powers of courts of record: Dismissal of appeal: Discretionary orders: Amendments.*

1. It is the duty of the party appealing from a judgment rendered by a justice of the peace to see that a return to the appellate court is made; until this is done the appeal is imperfect and the appellate court has power only to compel a return or dismiss the appeal.

2. Defendant appealed from a judgment rendered by a justice of the peace, but before return was made the term of office of the justice before whom the judgment was rendered expired. His successor in office filed in the appellate court a certified copy of the docket entries in the case, but returned no papers, the same having been lost. *Held*, under the provisions of secs. 3764, 3765, Stats. 1898, that the copy of the docket filed constituted no return.

3. In such case, the appeal could not be dismissed under the provisions of sec. 3766, Stats. 1898, because no return had been made, but, under the facts stated in the opinion, and under the inherent power possessed by the circuit court to require the diligent prosecution of actions, no error was committed in dismissing the appeal.

4. Where, on an appeal from a judgment rendered by a justice of the peace, a motion to dismiss the *action* was orally granted, the circuit court has the power, at the same term and before the order of dismissal had been reduced to writing, to amend the motion and order so that they should provide for a dismissal of the *appeal*.

APPEAL from a judgment of the circuit court for Fond du Lac county: MICHAEL KIRWAN, Circuit Judge. *Affirmed.*

This is an appeal from a judgment of the circuit court of Fond du Lac county dismissing an appeal from a justice's court.   It appears from the record: That *Allard* brought an action of unlawful detainer against *Smith* before one Bissell, a justice of the peace, and obtained judgment of restitution therein January 14, 1897.   That the defendant filed a proper notice and undertaking upon appeal to the county court of Fond du Lac county upon the following day.   That at the same time he tendered to the justice $7.50, which sum was intended to cover the various sums necessary to be paid upon appeal, to wit: $1, state tax; $1 for return; $2 for clerk's fees; and $3.50 for justice's fees.   That the justice refused to accept the sum tendered, claiming that the justice's fees amounted to $5.50, and hence that the tender made was insufficient.   That a few days later the defendant made a motion in the county court for an order compelling the justice to make a return, which motion was denied, and the order of denial was affirmed in this court on the ground that the time had not expired within which the return might be made. *Allard v. Smith,* 97 Wis. 534, 73 N. W. 50.   That on July 16, 1898, Bissell's term of office having expired, his successor in office, Thomas Watson, filed a certified copy of the docket entries in the case in the county court, but returned no papers, the same having been lost.   That on November 30, 1897, the defendant obtained an order requiring Bissell to show cause why he should not make return, but that this order was vacated before hearing, upon the defendant's own motion.   That September 13, 1898, the plaintiff moved to dismiss the appeal for nonpayment of the justice's fees and failure to bring the case to trial for two terms, but that this motion was denied December 5, 1898, and the case stricken from the calendar for the term, and the defendant given leave to perfect the record before the January term of said court on penalty

of dismissal of the appeal if he did not do so, and the case was placed on said January calendar. That December 10, 1898, the plaintiff made. and filed an affidavit of prejudice, but that no order of change was actually made until July, 1899. That in January, 1899, the defendant, assuming the change of venue to have been made, made a motion in the circuit court for an order compelling Bissell to make a return, which motion was denied in March, 1899, because the records were still in the county court. That November 14, 1899, the plaintiff moved the circuit court that the appeal be dismissed for failure to bring the action to trial, and for failure to perfect the appeal, which motion was denied April 14, 1900. That the case then rested without further proceedings until November 11, 1900, when the plaintiff moved to dismiss the *action,* which motion seems to have been orally granted, but, before the order of dismissal was reduced to writing, both the motion and order were, on plaintiff's motion, amended so as to make them a motion and order dismissing the *appeal.* Judgment of dismissal of the appeal in pursuance to this order was rendered, and the defendant appeals to this court.

For the appellant the cause was submitted on the brief of *Charles D. Smith.*

For the respondent there was a brief by *Duffy & McCrory,* and oral argument by *J. H. McCrory.*

WINSLOW, J. That the appellant has been industrious in this case is undeniable, but his industry seems to have been largely misdirected. It was his duty to see that a return to the appellate court was made. Until that was done, the appeal was imperfect, and the court had power only to compel a return or dismiss the appeal. *Allard v. Smith,* 97 Wis. 534, 73 N. W. 50. The copy of the docket filed by Watson, the successor in office of Bissell, constituted no return, in

law. The statute does not authorize the successor in office to make a return, but provides specifically for a return (by compulsion if necessary) by the justice who tried the case, even if he shall have gone out of office, and, in case of his death, insanity, or removal from the state, provides for the ascertainment of the facts as to the trial below by the examination of witnesses, thus supplying the place of a return. Secs. 3764, 3765, Stats. 1898. The appellate court undoubtedly had power to require the appellant to cause the return to be made within a reasonable time, and, in case of failure so to do, to dismiss the appeal, in the exercise of a wise discretion. This could be done, not under the terms of sec. 3766, Stats. 1898, because no return had been made, and hence that section did not apply, but under the inherent power possessed by courts of record to require the diligent prosecution of actions by suitors, to the end that the records of the court may not be incumbered by dead or dormant litigation. 6 Enc. Pl. & Pr. 904. We think the discretion was wisely exercised in the present case. Nearly four years had elapsed since the appeal was taken. It is true that the appellant had made three motions to compel a return; the first being denied because made prematurely before a return was due, the second being withdrawn by the appellant himself, and the third being denied by the circuit court because the change of venue had not yet been perfected. After the change of venue was complete, however, nearly a year and a half elapsed before the dismissal of the appeal, during which time the appellant made no effort to procure a return, though he had been required by order of the county court made before the change of venue to perfect the record before the January term, 1899, of that court, on pain of dismissal of the appeal.

We have not found it necessary to discuss the question as to whether the tender of fees to the justice on the appeal was

sufficient. If it was sufficient, the duty still lay upon the appellant to take the proper proceedings to compel the making of a return under sec. 3764, *supra.*

The court undoubtedly had power at the same term to amend the motion papers and order so that they should provide for a dismissal of the *appeal,* instead of a dismissal of the *action.*

*By the Court.*—Judgment affirmed.