TODOROVIC, Respondent, vs. HIRSCHBERG, Appellant.

*May 7—June 1, 1920.*

*Courts: When appellate court acquires jurisdiction: Civil court of Milwaukee county: Perfection of appeal by payment of fees: Jurisdiction of circuit court: Dismissal of appeal: Costs on appeal to supreme court.*

1. An appellate court acquires no jurisdiction until the jurisdiction of the lower court is superseded, which occurs only when everything necessary to perfect the appeal has been done.
2. Where an appeal from the civil court of Milwaukee county to the circuit court had not been perfected by the payment of the fees required by ch. 320, Laws 1913, the circuit court had no jurisdiction and there was no appeal pending in it upon which an order of dismissal could operate, so that an order dismissing the appeal was a nullity.
3. The appeal from the order of the circuit court being entirely frivolous, though the order is reversed because the circuit court had acquired no jurisdiction, appellant will recover no costs.

APPEAL from an order of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Reversed.*

The appeal is from an order of the circuit court dismissing defendant's appeal from the civil court of Milwaukee county.

For the appellant the cause was submitted on the brief of *Horace B. Walmsley* of Milwaukee.

*Frank E. Waldron* of Milwaukee, for the respondent.

OWEN, J. Plaintiff recovered a judgment in the civil court of Milwaukee county. Defendant served a notice of appeal therefrom to the circuit court for Milwaukee county,

but failed to pay to the clerk of the civil court certain fees necessary to be paid in order to perfect the appeal, by virtue of ch. 320, Laws 1913, and the clerk of the civil court never transmitted the record to the circuit court.  Plaintiff made a motion to dismiss the appeal in the circuit court, which motion was granted without costs.  Defendant brings this appeal from the order of the circuit court dismissing the appeal from the civil court, claiming that the circuit court had no jurisdiction of the case and was without power to dismiss the appeal.

It is clear that the circuit court had no jurisdiction of the case, for the reason that the appeal from the civil court had not been perfected by the payment of the fees required by law.  In this respect the case is unlike *Bruins v. Downey,* 45 Wis. 496; *Allard v. Smith,* 97 Wis. 534, 73 N. W. 50, and *S. C.* 120 Wis. 22, 97 N. W. 510.  In those cases all requisite fees had been paid and the appeal perfected, but the justice of the peace had failed to return the record to the circuit court.  It was intimated in those cases that under such circumstances the circuit court had power to dismiss the appeal.  It is manifest that an appellate court does not acquire jurisdiction of a case until the jurisdiction of the lower court is superseded.  The lower court retains jurisdiction of the case until everything necessary to perfect the appeal has been done.  In the instant case the requisite fees not having been paid to the clerk of the civil court, that court did not lose jurisdiction of the case and the circuit court acquired none.  There was therefore no appeal pending in the circuit court upon which its order of dismissal could operate, and the order was a nullity and must be reversed.

We are at a loss, however, to understand the motive prompting this appeal.  If, as appellant here contends, the circuit court acquired no jurisdiction of the case, the order dismissing the appeal resulted in no injury to him.  It is stated in the brief of appellant's counsel that the appeal was

dismissed with costs.    Such, however, is not the case, and the appellant has not the excuse of relieving himself from ordinary motion costs in justification of this appeal.    The appeal is entirely frivolous and, while the order is reversed for reasons stated, the appellant should recover no costs.

*By the Court.*—Order reversed.    No costs to be taxed. Appellant to pay the clerk's fees in this court.