# W. H. WATERMAN

*vs.*

# DURAND RAYMOND et al.

The Supreme Court has the power to order a stay of proceedings in the court below touching any matter of appeal to the Supreme Court.

A justice of the Supreme Court has the power, in vacation, to make a provisional order for the stay of proceedings in the court below, to enable a party to make or renew, if need be, a similar motion in term. But in such cases the justice ought to look into the nature, circumstances and merits of the order appealed from.

An appeal removes the subject matter thereof, and all matters necessarily connected therewith, to the Supreme Court, and is thenceforth within its control.

When great or irreparable injury is liable to result from the prosecution of the cause after an appeal from an interlocutory order is taken, it is the duty of the court or justice to grant an order staying proceedings.

THIS was a motion to vacate an order made herein by Justice Smith, at chambers, staying the final hearing of said cause until the appeal taken by the defendants, from an order of the Circuit Court denying a motion for a feigned issue, should be heard and determined in the Supreme Court.

At the August term, 1856, the defendants moved the court below for a feigned issue, which was denied. From the order denying this motion the defendants appealed. The defendants then moved for a stay of proceedings, as to the taking of testimony therein, until the decision of the Supreme Court on the appeal, which was also denied. At the same term, an order was entered, by consent, on the stipulation of the parties, referring the cause to a commissioner to take the testimony of witnesses, except that of two witnesses named therein.

Application was afterwards made to Mr. Justice Smith, of the Supreme Court, at chambers, for an order staying further proceedings until the said appeal should be determined, who, after hearing, made an order staying the final hearing of the cause until after the appeal in relation to the feigned issue should be determined, but not staying the taking of testimony under the order aforesaid, nor preventing the taking of any other proceed-

ings in the cause necessary to secure the just rights of the parties.

Now, at this term, the complainant appellee moved to vacate the order made by Justice Smith, as aforesaid.

*Carey*, for the motion.

*Lyon*, contra.

*Per Curiam.* Undoubtedly this court has the power to order a stay of proceedings in the court below touching any matter of appeal to this court. And we have no doubt that a justice of this court has the power in vacation to make a provisional order for such stay of proceedings, to enable the party to make or renew, if need be, a similar motion in term.

In such cases, however, the justice ought to look into the nature and circumstances of the order appealed from. Much is necessarily left to the discretion of the judge who made the order, but the appeal removes the subject matter, and all matters connected therewith, to this court, and is thenceforth within its control. No fixed rule can be laid down, but the action of the justice or court must depend upon the equities of the particular application, and where great or irreparable injury is liable to result from the prosecution of the cause, after an appeal from an interlocutory order, the power ought to be exercised. On the other hand, every impediment to the progress of a suit to its final determination ought to be removed, so far as it may be consistent with the just rights of the parties.

In this case we do not see that any material injury can result to the parties, in case the suit goes on, except the costs of the proceedings, which will, of course, be at the hazard of the party so proceeding.