THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY vs. THE PARK HOTEL COMPANY and others.

APPEAL: PRACTICE: FORECLOSURE. (1) *Part of defendants may appeal from part of judgment favoring other defendants.* (2) *And have stay of proceedings.* (3) *And, before appeal, compel circuit judge by* mandamus *to fix amount of undertaking.* (4–9) *Appellate court will direct stay and undertaking, when.*

The Northwestern Mut. Life Ins. Co. vs. The Park Hotel Co. and others.

1. A judgment in foreclosure took from the mortgagor the collection and administration of the income of the mortgaged property pending the foreclosure sale and the statutory period for redemption, and put the property during that time in the hands of a receiver. *Held*, that the mortgagor, and other parties interested adversely to such judgment, had a right to appeal from that part of the judgment, and to have proceedings thereon stayed pending the appeal.

2. The terms of the second clause of § 33, ch. 139, Tay. Stats. (p. 1643), include all judgments in civil actions not coming within the classes specifically covered by the previous provisions of that chapter relative to the stay of proceedings; and the parties appealing from so much of the judgment in this case as appoints a receiver, etc., were entitled to a stay upon complying with the provisions of said clause; and it was error for the circuit court to refuse, upon their application, to fix the sum for which their undertaking should be given.

3. Where a party who wishes to appeal from the circuit court, and is entitled to a stay on filing a proper undertaking, is prevented from so doing by a refusal of that court to fix the amount of such undertaking, he may delay his appeal and obtain from this court a *mandamus* directing the circuit judge to proceed and fix such amount; or he may perfect his appeal and obtain an order in this court staying proceedings at the circuit, upon the proper statutory terms.

4. After the appeal has been taken and the cause is in this court, it is doubtful whether *mandamus* would lie to the court below for the purpose mentioned, or whether an undertaking filed in that court would be effectual.

5. That part of the judgment appealed from having been rendered on the motion, not of the plaintiff but of a codefendant of the appellants, the right of the appellants to a stay of proceedings cannot be denied on the ground that it will cause inconvenience to such codefendant.

6. The statutory undertaking on appeal is not required to run to any designated payee; and the undertaking which this court can require under the second clause of § 33 aforesaid, is to pay all damages which the *opposite party* may sustain.

7. Where so much of the judgment as is appealed from is an adjudication of equities between codefendants, in which the plaintiff is not concerned, *quære*, whether such judgment could properly be rendered on the *counterclaim* of a defendant, and especially against a codefendant who failed to appear and answer; whether a *cross complaint* was necessary to sustain such a judgment; whether the defendant who obtained the same is the "opposite party" in whose favor the undertaking on appeal is given; and, if not, whether a motion here is necessary or proper to constitute him respondent in this court.

8. Without determining the foregoing questions upon the present motion, this court will, as far as possible, so frame its order for a stay of proceedings as to give the defendant in whose favor that part of the judgment appealed from was rendered, all the rights of practice of a respondent in this court. The undertaking must in form follow the statute. Laws of 1860, ch. 264, sec. 27: 2 Tay. Stats., 1643, § 33.

9. If the refusal of the circuit court to stay proceedings deprived the appellants of anything. this court, by its order, should replace them in the condition they would have been in but for such refusal. And the order of this court staying proceedings must therefore direct the receiver to restore to the appellants anything he may have received or taken under his appointment.

APPEAL from the Circuit Court for *Dane* County.

Motion to vacate an order of this court, entered *ex parte*, fixing the amount of an undertaking to stay proceedings on appeal, upon refusal of the circuit judge to fix such amount. The action was brought by the *Northwestern Mutual Life Insurance Company* against *The Park Hotel Company* and others, its trustees and stockholders, *Samuel Marshall*, trustee, and *Mark H. Irish*, to foreclose a mortgage executed by said *Hotel Company* to the plaintiff, November 1, 1870. None of the defendants appeared in the action, except *Irish*. The mortgage was upon the real estate of the company, being its hotel in the city of Madison, and " all of the rents, issues and profits which might arise or be had therefrom." The mortgage contained an option clause, that in case of default in any payment, plaintiff might elect to deem all due. The complaint alleged default in payment of interest, such election, and due notice. Defendant *Irish* answered alleging in substance, that when the bond and mortgage in suit were executed, *The Park Hotel Company* were engaged in the erection of the hotel covered by the mortgage, intending to lease it when completed, of which the plaintiff had knowledge, and as well, that the said company had no other property than the hotel, its furniture and fixtures, nor other resources than the rents to be derived from leasing the same, for which reason the rents and profits were

so mortgaged; that on the 27th day of June, 1871, the *Hotel Company* leased to *Irish* the hotel, so mortgaged, for the term of five years, reserving a rent of a per centage of the gross receipts; that in the lease the *Hotel Company* agreed to put into the hotel certain furniture and fixtures, for which *Irish* was to pay as rental fifteen per cent. per annum on their cost; that the lease provided that at the expiration of the five years, *Irish*, upon purchasing the furniture at a price therein fixed, might elect to renew and extend the lease for another term of five years; that, pursuant to the lease, the company put into the hotel furniture to the amount of $25,000, and *Irish*, to the amount of $13,000; that *Irish* had paid as rent to the *Hotel Company* more than sufficient to pay the interest on the bond to the insurance company; and that the *Hotel Company* had fraudulently neglected to pay the interest on the bond, with sole intent to induce the plaintiff to elect to declare the principal sum due and to foreclose the mortgage, and thereby cut off and determine, by foreclosure, *Irish's* leasehold interest, of which intent plaintiff's officers had knowledge. The answer insisted that it was the duty of the plaintiff to have demanded the rents and profits of him to apply on said interest, and to have notified him of their election to deem all due; and further alleged that the hotel property was further incumbered by a second mortgage or trust deed to defendant *Marshall*, to its entire value; that he, *Irish*, had no other remedy to save his leasehold estate than to pay the bond and mortgage, or redeem the premises, and would be unable to collect his damage from the hotel company by reason of its insolvency; that the hotel property was ample security for the debt to the insurance company, and that the other defendants, who signed the bond individually, were men of great wealth and responsibility, so that the plaintiff need not have proceeded so harshly and unjustly to foreclose, etc. He further alleged that he had offered, since the commencement of the suit, and as soon as he was thereby notified of plaintiff's election, to pay

all the interest due and costs, in order to have suit dismissed or stayed, which plaintiff refused to receive, and *Irish* tendered the same into court. He prayed that the suit might be dismissed or stayed; that he might be permitted to pay the interest and costs, and thereupon be subrogated in place of the owner of the mortgage, and hold such amount as a lien on the property; that the *Hotel Company* might be enjoined from collecting any more of the rents under the lease until the bond and mortgage were fully paid; and that he might be adjudged to pay any rent due and unpaid, or to grow due, to the plaintiff, to be applied *pro tanto* to the discharge of the mortgage debt, interest or principal.

On the trial, the plaintiff's evidence showed that there was due for principal $28,000, and for interest $3,033.33. The court filed a suggestion, that *Irish* prove the allegations of his answer, and that he amend the same so as to pray for the appointment of a receiver, and so as to allege that the trust deed to *Marshall* was received by *Marshall* with full notice of *Irish*'s prior lease and possession under the same. This amendment was made, and *Irish* further amended the prayer of his answer so as to ask for a sale of the premises subject to his leasehold interest, if a sufficient amount could be so made, and, if not, then that the premises be sold irrespective of the lease; that *Irish* might pay the full amount of the judgment, and be subrogated to the rights of the plaintiff; and that *Irish* might attorn to the plaintiff, etc.

Thereupon judgment was entered, in accordance with a finding filed, in the usual form, but upon the motion of *Irish*, ordering : That *Irish* might redeem from said mortgage at any time before the day of sale, by payment of the judgment, interest and costs, and thereupon be subrogated to the rights of the plaintiff, and be permitted to vacate the judgment, and withdraw and hold the bond and mortgage, and receive the amount due thereon ; that *Marshall* might redeem from the plaintiff, and in that case that *Irish* might redeem from *Marshall ;* that a receiver be appointed

to collect the rents, and to apply them, 1st, to the payment of taxes, 2d, to keep the premises insured, 3d, the remainder to be paid upon the judgment for the protection of *Irish*; and, in case *Irish* should redeem, that he be entitled to have the rents which might accumulate in the receiver's hands paid to him in amount sufficient to reimburse him for any moneys he might pay for redemption, before or after sale, and before the time for redemption should expire.

The defendants, except *Irish*, appealed from so much of the judgment as was rendered on his motion, and applied to the circuit judge to fix the amount of the undertaking to be entered into to stay proceedings upon such appeal, under ch. 264, Laws of 1860, sec. 27. This application was denied by an order dated March 9, 1875, to which the appellants excepted, and thereupon applied to this court *ex parte* to fix the amount of such undertaking. An order *ex parte* was entered March 16, 1875, that appellants enter into an undertaking with sureties, etc., in the sum of $10.000, to the effect that the appellants "will pay, abide by and perform any final judgment that may be recovered or entered in this action against them, in case that part of the decree appealed from shall be affirmed," and further, "that said * * receiver, if he shall have taken possession of any property or funds under said appointment by said decree, do deliver the same to said *Park Hotel Company*, appellant, upon service of this order."

The defendant *Irish* now moved to vacate this order.

*P. L. Spooner, Gregory & Pinney*, and *Orton, Keyes & Chynoweth*, for the motion.

*Smith & Lamb, contra.*

RYAN, C. J.    That part of the judgment of the court below, from which this appeal is prosecuted, takes from the mortgagor the collection and administration of the income of the mortgaged premises, pending the sale and the statutory right of redemption, and undertakes to make a final disposition of it.

The right of the mortgagor, and other parties to the action interested, to take the appeal, is too plain for discussion.

And the right of appeal as plainly carries with it the right to stay proceedings on that part of the judgment, pending the appeal. " In every judicial system, there are inferior and superior tribunals, and the law gives a right of appeal from the decision of the inferior, in order that their mistakes may be corrected, and the party not be finally concluded by their judgment. The appeal carries the suit one step onward towards that final adjudication which the law has provided for. It removes the matter in controversy to the higher tribunal, to be tried over there. And this very idea and object of an appeal seem entirely repugnant to the idea that the party, notwithstanding the appeal, may go on in the court below and execute the order or judgment appealed from." *Hudson v. Smith*, 9 Wis., 122. Our statute of appeals goes upon that policy, and undertakes to provide for a stay of proceedings upon all appeals to this court from judgments of the circuit courts, upon compliance with prescribed terms. Indeed it is held, in the case just quoted, that, in the absence of statutory provision, the appeal itself would operate as a *supersedeas;* and that the statute only prescribes conditions on which it shall do so.

After providing in detail for stay of proceedings upon appeal from divers enumerated judgments, most common in practice, the second clause of sec. 33 of the appeal act, as arranged in Taylor's Statutes, provides the terms of stay of proceedings on appeals from judgments directing the doing of any other particular act or thing, when no express provision has been made by the act for the undertaking to be given. This was evidently designed to provide for the protection of respondents in all appeals not previously enumerated. And the terms used were obviously intended to include, and we think do include, all judgments in civil actions not coming within the classes specifically covered by previous provisions. Certainly the ap-

pointment of a receiver, and his collection and administration of the income of the mortgaged premises, are particular acts or things directed by the judgment in this case. It would be strange indeed that the statute should provide for a stay on appeal from an interlocutory order appointing a receiver as a provisional remedy (*Noonan v. Orton*, 28 Wis., 386; *Hudson v. Smith, supro*), and omit such provision on appeal from a final judgment appointing a receiver as part of a final remedy.

All this appears to us to be so very plain that we are at a loss to account for the refusal of the court below to fix the amount of the proper undertaking to stay proceedings on appeal from that part of the judgment now appealed from, or on appeal from the whole judgment, including that part. Any impression that a circuit court can render any judgment in any civil action, which cannot be reviewed in this court on appeal, and the execution of which cannot be stayed pending the appeal, is a grave error. And it is an error no less grave, to hold that such a refusal of a circuit court can impair the right of appeal from its judgments or baffle the appellate jurisdiction of this court.

The appellant, in such a case, may delay his appeal and apply to this court for *mandamus* to the circuit court, to make an order directing the sum in which he shall give an undertaking to stay proceedings pending his appeal. The delay of such a course might, in many cases, defeat the object of the statute and the right of the appellant; and he is not left to so inadequate a remedy. After the appeal has been taken and the cause is in this court, it may well be doubted whether *mandamus* would lie to the court below, and whether an undertaking in the court below would be effectual. But a party aggrieved by a judgment of a circuit court, which refuses to fix the amount of an undertaking to stay proceedings pending his appeal, can perfect his appeal and apply to this court for stay of proceedings on the judgment. The constitution and laws of the state have not left this court impotent to protect its suitors or to enforce its jurisdiction.

JANUARY TERM, 1875.                    133

The Northwestern Mut. Life Ins. Co. vs. The Park Hotel Co. and others.

When any statute imposes the duty on the circuit court to direct the amount of security to be given, on appeal to this court, to stay proceedings in that court, and the circuit court neglects or refuses to perform that duty, it is an essential incident of the appellate jurisdiction of this court, after appeal taken, to order the stay on the proper statutory terms. At this day, this ought not to be an open question in this court, and it is not. *Waterman v. Raymond*, 5 Wis., 185; *Hudson v. Smith*, *supra.* See also *Russell v. Bartlett*, 9 Wis., 556; *Helden v. Helden*, id., 557; *Parish v. Eager*, 15 id., 532; *Smith v. R. R. Co.*, 19 id., 89; *Gelpeke v. R. R. Co.*, 11 id., 454.

The right of appeal, and of staying proceedings pending appeal, being thus secured to parties against whom judgments have gone in the circuit courts, it is the further object of the statute and duty of the court to secure parties recovering such judgments against loss resulting from stay of proceedings. In ordinary judgments between plaintiff and defendant, this is readily done. But in this case there appears to be a difficulty, arising from its peculiarity.

Upon the argument of this motion, much was said of the merits of this appeal, of which we can properly take no notice now. Much was also said of peculiar hardships to the defendant on whose motion that part of the judgment carried up by this appeal was granted in the court below, of any stay of proceedings upon it. It is quite possible that the stay of proceedings may work inconvenience and embarrassment to him. It was perhaps impossible for the statute to make provision for all such peculiar contingencies; and it is certainly impossible for us to administer it otherwise than as we find it. We cannot deny to the appellants the stay of proceedings to which they are by law entitled. We can only make the best provision which the statute permits for the protection of their codefendant in whose behalf the judgment appealed from was rendered.

The statutory undertaking on appeal is not required to run to any designated payee. The undertaking under the second

clause of section 33, which we can require on this appeal, is to pay all damages which the opposite party may sustain.

This is an appeal by defendants in the court below; and *prima facie* the plaintiff in the court below would be the opposite party of the statute, and the respondent in this court. But it appears by the record that the plaintiff below did not seek or consent to that part of the judgment involved in this appeal. It appears to have been added to the judgment sought by the plaintiff, on the motion of a defendant who had answered and put in a counterclaim for some such relief. The other defendants made default.

This condition of the record suggests some grave questions. If so much of the judgment as this appeal brings to this court, is a judgment in which the plaintiff below is not concerned, and is to be considered an adjudication of equities between co-defendants, questions arise, whether it be such a judgment as can be properly rendered on the counterclaim of a defendant, and especially against a codefendant who did not appear and answer; and whether a cross complaint was necessary to sustain such a judgment (1 Van Santvoord's Eq., 223–228); and whether, the judgment being one between codefendants, the defendant obtaining it is the opposite party of the statute, and the respondent in this court; and, if not, whether a motion here is necessary or proper to constitute him respondent in this court.

On these questions we intimate no opinion; but they necessarily suggested themselves to us, in considering the right of the moving defendant to make this motion, and the security which the statute gives us power to afford him against loss by stay of proceedings on that part of the judgment rendered in his favor, in case of its affirmance. Any difficulty there may be, appears to us to be in the record, rather than in the statute. If he should prove to be the opposite party, within the meaning of the statute, he should have and will have the full statutory

security.    If he should not prove so, no order which we have power now to make would avail him.

Reserving, as far as we can, all opinion on the questions arising, until the hearing of the appeal, and making the statutory provision now for the opposite party, we shall, in the meantime, as far as we may be able, give to the' defendant who obtained the judgment before us, all the rights of practice of a respondent in this court.    We do not see how we can now do more.

So much of the *ex parte* order of the 16th instant as directs the condition of the undertaking, does not follow the statute, and is manifestly inapplicable to the case.    The condition of the undertaking must be framed under the second clause of sec. 33.    The order must be so far modified ; and the appellants must give a new undertaking in compliance with the modified order.

It was objected to the order of the 16th instant, that it should have provided for a stay from its date only, and should not have directed the receiver to restore anything which he might have received or taken under his appointment.    The order, in this respect, follows the order in *Hudson v. Smith*, and we think is entirely correct.    If the refusal of the court below to permit the appellants to stay proceedings deprived them of anything, it was our duty to replace them in the position they would have been in, but for the refusal.

*By the Court.*—Ordered accordingly.