have had judgment for one half the damages found, to wit, $44.06.

*By the Court.*— As to the sum of $44.06, the judgment is affirmed, and the remainder of the judgment is reversed, and the cause is remanded with directions to allow the plaintiff in error to tax his costs in the trial court and enter judgment therefor against the defendant in error. The plaintiff in error will be allowed to tax the clerk's fees in this court, and his necessary disbursements for printing, but no other costs in this court are to be taxed.

Mandate modified on motion, March 21, 1900, as follows:

*By the Court.*— Judgment modified by striking from the damage the sum of $44.06, and as so modified affirmed. Plaintiff in error will be allowed to tax the clerk's fees in this court and necessary disbursements for printing but no other costs.

---

THE CONGREGATION OF THE IMMACULATE CONCEPTION OF BAR-TON, WASHINGTON COUNTY, WISCONSIN, Respondent, vs. HELLSTERN, Appellant.

*February 2 — February 27, 1900.*

*Appeal: Jurisdiction after appeal: Trial court: Transmission of record: Laches.*

1. Where an undertaking has been given to stay execution, and a party has perfected an appeal to the supreme court according to the requirements of sec. 3049, Stats. 1898, further proceedings upon the judgment are stayed, and the appellate court is invested with jurisdiction to consider and entertain the appeal. Thereafter the trial court cannot dispose of the case by striking the notice of appeal and undertaking from the files, on the ground of appellant's neglect to pay the clerk's fees for transmitting the record to the appellate court.

2. Where an appeal to the supreme court has been duly perfected, if the clerk of the trial court fails or neglects to cause proper returns to be made to the appellate court within twenty days, it is the appellant's duty, under sec. 3050, Stats. 1898, and Supreme Court Rule V, to apply for an order or process to compel such performance.

3. The supreme court will not exercise its power to recall processes, issued after an appeal has been duly perfected, and restore the former condition of things, where the appellant has been guilty of laches in failing to have proper returns to the appellate court seasonably made and thereafter allowing two terms of the supreme court to pass without applying for relief.

APPEAL from a judgment of the circuit court for Waukesha county: JAMES J. DICK, Circuit Judge. The appellant moved in this court for an order to recall an execution and writ of restitution issued after the appeal had been perfected, and to restore the money collected and the possession of the property in dispute. *Motion denied.*

The facts are stated in the opinion.

For the motion there was a brief by *Eaton & Lewis*, and oral argument by *M. H. Eaton.*

*P. O'Meara*, contra.

BARDEEN, J. This action was commenced in justice's court of Washington county, appealed to the circuit court, and taken on change of venue to Waukesha county. On October 14, 1897, judgment was entered against defendant, and notice of entry thereof was served on the 19th. On March 15, 1898, the court made an order fixing the amount of the undertaking to be given by defendant to stay execution on appeal. On March 25, 1898, defendant served a notice of appeal, with a proper undertaking to stay execution, upon the plaintiff's attorney, and upon the following day on the clerk of the court, but failed to pay the fees necessary to secure their transmission to this court. On May 6, 1898, the trial court made an order, upon plaintiff's motion, requiring defendant to pay the clerk two dollars for his fees

for transmitting the papers to this court, within ten days, with costs of motion, and, in case of failure so to do, that his notice of appeal and undertaking be stricken from the files. The order also required the defendant to restore certain exhibits in his possession to the files, and provided that, upon failure to perform as stated, the judgment roll should be sent back to Washington county. Defendant having failed to comply with the terms of said order, the clerk returned the papers, as directed by said order, about May 23. Thereupon an execution to collect the costs on said judgment was duly issued on May 28, and placed in the hands of the sheriff. At about the same time a writ requiring the sheriff to oust the defendant from the premises in dispute, and give possession thereof to the plaintiff, was placed in his hands. The sheriff immediately proceeded to collect the amount due on the execution, and to execute the commands of the writ of restitution. The motion papers further show that some time in the latter part of May defendant paid the clerk at Waukesha the two-dollar fee required for transmitting the papers to this court, but which sum was returned to him because the papers had been returned to Washington county. On February 2, 1900, the defendant filed in this court an affidavit setting out the facts as stated, and asks this court to recall the execution and writ of restitution mentioned, and to restore the money collected and possession of the property in dispute.

There can be no room to doubt the fact that, when defendant served his notice of appeal and undertaking, he had perfected his appeal according to the requirements of sec. 3049, Stats. 1898. This had the effect, also, of staying all further proceedings upon the judgment. Sec. 3066. *Tilley v. Washburn,* 91 Wis. 105. Upon the service and filing of such notice and undertaking, this court became invested with jurisdiction to consider and entertain the appeal when it came here. *Eaton v. Manitowoc Co.* 42 Wis. 317. Sec. 3050 pro-

vides that when the appeal has been perfected the clerk shall forthwith transmit the papers to this court, at the expense of the appellant. Rule V of this court requires the appellant to cause the proper return to be made within twenty days after perfecting his appeal, and, if he fails to do so, the opposite party may make a motion in this court to dismiss. The defendant failed to cause the proper return to be made within the time specified, and no return has yet been made to this court. His duty to cause the proper return to be made is imperative. If the officers in the court below fail or neglect to perform their duty in this respect, it is his duty to apply to the proper authority for an order or process to compel such performance. His neglect to move in this matter is inexcusable. He neglected to pay the necessary fees for more than two months. In the meantime the court below called his attention to his shortcomings by the order of May 6. By that order the court sought to strike the notice of appeal and undertaking from the files,— a proceeding entirely without precedent or legal foundation. This court is willing that its burdens may be lightened in any legitimate way, but it cannot recognize the right of the lower court to dispose of cases that have been removed to this court in the way pointed out by statute. This same order provided that, in case defendant did not cause the proper return to be made, the judgment roll should be sent back to the county where the case originated, for enforcement. The papers were sent back, execution was issued, and possession of the premises in dispute taken from defendant and given the plaintiff. In the meantime two terms of this court have passed, and the defendant has remained quiescent. Without having caused a proper return to be made to this court, he asks that the execution and writ of restitution be recalled, and that he be restored to his former possession. His delay in the matter shows a want of good faith in prosecuting his appeal. This court has undoubtedly

the power, in proper cases, to recall processes that have been issued, and restore the former condition of things, upon such terms and conditions as are just and equitable (*Tilley v. Washburn*, 91 Wis. 105), but it will decline to exercise it when the laches have been so great, and the delay so inexcusable, as in this case.

*By the Court.*— The motion is denied, with $10 costs.