JONES, Respondent, vs. PROVIDENCE WASHINGTON INSURANCE COMPANY and others, Appellants.
FRANKEL, Respondent, vs. AMERICAN CENTRAL INSURANCE COMPANY and another, Appellants.

*November 22—November 23, 1912.*

*Supreme court: Superintending control of inferior courts: Jurisdiction of circuit court after appeal: Motion for new trial.*

1. The power of "superintending control over all inferior courts," vested in the supreme court by sec. 3, art. VII, Const., may properly be used in aid of the appellate power when, without its use, a serious miscarriage of justice may probably occur.

2. As a general rule, after the supreme court has fully acquired jurisdiction by appeal from a final judgment, the trial court cannot take any action affecting in any way that judgment or the exclusive power of the supreme court to deal therewith.

3. Yet, after appeal and subject to the stay of proceedings imposed in aid thereof, there still remains in the circuit court a qualified jurisdiction at least, which may be called into activity by permission of the supreme court.

4. In a serious exigency, where justice seems to require it and no other remedy is adequate, the supreme court may properly, by virtue of its power of superintending control, suspend the operation of the stay for the time being and authorize a motion for a new trial to be made and decided in the circuit court, even though the result may be to set aside the judgment appealed from.

APPEALS from judgments of the circuit court for Waukesha county: MARTIN L. LUECK, Circuit Judge.

The appellants in each case, on November 22, 1912, moved that the record therein be remitted to the trial court.

*A. R. Barry,* for the appellants.

*C. E. Armin,* for the respondents.

The motions were granted on November 23, 1912, and the following opinion was filed December 10, 1912:

WINSLOW, C. J.    These cases having come here by appeal from judgments in favor of the plaintiffs on fire insurance policies, motions are now made by the appellants to remit the records in both cases to the trial court for a limited time, in order that the appellants may make motions to set aside the verdicts and judgments and to grant new trials in that court based on affidavits setting forth very fully the discovery of evidence since the appeals were taken, showing that the insured buildings were destroyed by fire deliberately set by the insured as the result of a conspiracy to defraud the defendant insurance companies.    The appellants resort to this method of procuring a return of the records to the trial court instead of dismissing their own appeals, because the judgments against them were rendered more than sixty days since and they fear that if they dismiss their appeals they will incur the heavy forfeitures prescribed by sec. 1974, Stats. (Supp. 1906), against any insurance company which continues to do business without paying a judgment against it, or prosecuting an appeal therefrom within sixty days after the rendition of the judgment.

The defendants' counsel interposed no objection to the motion; in fact he very properly consented that the order might be made at once.    But as it seemed that there might be a question of jurisdiction involved we took time before making the order to consider that subject.

We do not now decide whether, in case of dismissal of the appeals, there could be a conviction under the statute cited for doing business pending the hearing and decision of the motion for a new trial. If the statute be construed literally it seems that there could be, and at least it is clear that there might easily be troublesome and expensive prosecutions brought which, if successful, might compel the payment of greater sums by way of forfeitures than the judgments here involved. The affidavits filed make a strong *prima facie* case for a new trial, and clearly the defendants ought, if possible, to be given the privilege of making their motions in the trial court without incurring the risk of losing more than they could possibly gain. These considerations have led us to carefully examine the question whether, after an appeal has been taken from a final judgment and the record transmitted to this court, the trial court has jurisdiction to make any order in the cause which may affect the judgment, even if this court transmits the record to the trial court so that the same is physically present when the order is made. This court has frequently remitted the record to the trial court after an appeal has been duly taken in order that the court below might, on motion, correct the bill of exceptions or make other minor but necessary additions to the record, and this court has for years recognized *sub silentio* the power of the trial court, after the appeal has been duly taken and the record sent here, to make an entire bill of exceptions and transmit the same to this court by supplemental return.

These matters, however, may well be considered as merely incidental or subsidiary proceedings and perhaps of a different nature from the order which is desired in the present case, namely, an order by which the judgment appealed from will be set aside and the subject matter of the appeal practically taken from the hands of this court after it has acquired full jurisdiction of the case, and that, too, by an inferior court.

The exact question here presented has not been met before
so far as our investigation shows. It has been said by this
court that "the appeal removes the subject matter, and all
matters connected therewith, to this court, and is henceforth
within its control" (*Waterman v. Raymond,* 5 Wis. 185);
also that "this court . . . cannot recognize the right of the
lower court to dispose of cases that have been removed to this
court in the way pointed out by statute" (*Congregation, etc.
v. Hellstern,* 105 Wis. 632, 81 N. W. 988), and that "both
courts cannot have jurisdiction over the cause" (*Ott v. Bor-
ing,* 131 Wis. 472, 487, 110 N. W. 824, 111 N. W. 833).

While none of the cases cited attempt to pass authorita-
tively upon the question before us, the implication is quite
clear that this court has acted generally upon the assumption
that after jurisdiction had been fully obtained here by appeal
from a final judgment the trial court could not take any action
affecting in any way that judgment or the exclusive power of
this court to deal therewith.

We see no necessity for questioning that proposition in this
case. Here the trial court has not attempted to take any ac-
tion in the case, but application is made to this court for an
order transmitting the records to the trial court and directing
that court to hear and decide a motion for new trial; no other
court having power to pass upon such a motion and a suffi-
cient showing of diligence having been made to excuse the
delay.

If this court has power to make such an order it seems that
it must be by virtue of the constitutional grant of "a general
superintending control over all inferior courts." Sec. 3,
art. VII, Const. This jurisdiction has been called "high and
transcendent," and said to be as "broad as the exigency of the
case demands." *State ex rel. Fourth Nat. Bank v. Johnson,*
103 Wis. 591, 79 N. W. 1081. It is ordinarily used to com-
pel inferior courts to take action within their powers or to

prevent them from taking action outside of their powers where there is no other adequate remedy, the exigency grave, and the application prompt. It was clearly given to this court with the intention of thereby clothing the court with the most ample power to do justice in every controversy which might legitimately be brought before it. When the proper showing is made, no reason is perceived why it may not properly be used in aid of the appellate power when without its use a serious miscarriage of justice may probably occur, as in the present case.

If it be said that this is an attempt by this court to confer jurisdiction upon the circuit court when it has none by law, the reply is that, notwithstanding the positive language used in the cases cited, it has been recognized for many years that there is a qualified jurisdiction after appeal still remaining in the circuit court which may be called into activity by permission of this court. It may be said further that nowhere do the appeal statutes say expressly or by fair implication that the trial court entirely loses jurisdiction of an action after appeal. The implications are rather the other way. An appeal is fully perfected by the giving of the notice and bond for costs, but further proceedings are not stayed in the trial court unless an undertaking to stay them be given. Even when this last named undertaking is given the effect is to stay action on the judgment or order appealed from, and the court is at liberty to proceed "upon any other matter included in the action not affected by" such judgment or order. Sec. 3066, Stats. (1898). So it is clear that jurisdiction in a qualified sense at least remains in the trial court subject to the stay of proceedings imposed in aid of the appeal.

While the question is not free from difficulty, we reach the conclusion that in a serious exigency like the present, where justice seems to require it and no other remedy is adequate, this court may properly, by virtue of its power of superin-

tending control over inferior courts, suspend the operation of the stay in the inferior court for the time being, and authorize a motion for new trial to be made and decided, even though the result may be to set aside the judgment appealed from.

*By the Court.*—The motions are granted.

The records having been remitted to the circuit court, that court granted the motion for a new trial in each case; and thereafter, on December 10, 1912, the appeal in each case was dismissed by stipulation, with costs against the respondent.