DAVID ADLER & SONS COMPANY, Appellant, vs. MAGLIO and others, Respondents.

*January 11—January 23, 1929.*

26

*Lamfrom, Tighe, Engelhard & Peck,* attorneys, and *Lawrence A. Olwell,* of counsel, all of Milwaukee, for the appellant.

*William F. Quick* of Milwaukee, for the respondents.

ROSENBERRY, J.   The sole question presented upon this motion is, Did the circuit court for Milwaukee county have jurisdiction to grant the defendants a stay on December 28,

1928, after an appeal had been perfected by the plaintiff from the judgment entered on December 26th?

From an early day it has been consistently held in the state of Wisconsin that in the absence of statutory provision an appeal itself would operate as a *supersedeas*. The right of appeal being purely statutory, the state prescribed the conditions on which an appeal shall so operate. *Hudson v. Smith,* 9 Wis. 122; *Northwestern Mut. Life Ins. Co. v. Park Hotel Co.* 37 Wis. 125. There would therefore seem to be no question that when an appeal from the whole judgment is perfected, proceedings thereon are wholly stayed—unless the statutes provide by what means and upon what terms the stay shall operate, in which case there would be no stay unless the statute be complied with.

When, however, the appeal is from a part of a judgment only, a different situation exists. From an early day, the statute, sec. 274.11 (old sec. 3049), has authorized an appeal from part of a judgment. At common law a writ of error had the effect of bringing before the reviewing court for examination for errors of law, the entire record. It did not therefore lie to review a part only of a judgment. Upon appeal to this court the opposite party could not have a review of errors complained of by him except and unless he took a cross-appeal. *Knox v. Cleveland,* 13 Wis. 245; *Milwaukee Coke & Gas Co. v. Central Wis. S. Co.* 183 Wis. 396, 197 N. W. 180. Just what happened with reference to the jurisdiction of the court from which the appeal was taken in respect to that part of the judgment appealed from has never been expressly determined. Whether it was brought up by the appeal from a part of the judgment and a right of review was denied because the opposite party had taken no steps to that end, or whether the judgment was severed, so to speak, a part coming up and a part remaining, is apparently a question which has not arisen.

In 1915 the legislature enacted sec. 274.12 as follows:

"*All parties brought up on appeal.* In case one of a number of parties jointly or severally bound by the same judgment appeals therefrom, he shall serve his notice of appeal on all parties who are bound with him by the judgment, and said parties shall thereupon within thirty days after such service, unless the time be extended by the trial court for cause shown, take and perfect their own appeals or be deemed to have waived their right to appeal. The supreme court may by order at any time after an appeal is taken bring in additional parties upon their own application or upon application of one of the original parties to the appeal, and in such case the party or parties so brought in shall be given an opportunity to be heard before final judgment is pronounced in said court. In any case the respondent may have a review of the rulings of which he complains by serving upon the appellant any time before the case is set down for hearing in the supreme court a notice stating in what respect he asks for a review, reversal or modification of any part of the judgment or order appealed from."

The situation in this case is controlled by the construction to be placed upon this section. The section as adopted makes no reference to an appeal from a part of the judgment. The language in case one of a number of parties jointly or severally bound by a judgment appeals therefrom, apparently does not contemplate an appeal from a part only of the judgment, although there was no change in the language of sec. 274.11, which has been held to authorize an appeal from a part of the judgment only. It is possible to place two constructions upon these statutes read together as they must be, being *in pari materia*—first, that it was intended to give the opposite party a right of review of those matters only which were involved in that part of the judgment from which the appeal was taken; or second, that it was intended to give the opposite party a full right of review in relation to all matters covered by the judgment

whether the appeal was from the whole or a part of the judgment. If the latter construction be placed upon the section, then it must be held that the appeal from a part of a judgment brings the whole judgment here; otherwise a notice of review in this court would be ineffectual because there would be nothing here to review except those matters involved in that part of the judgment from which the party appeals and the opposite party would still be obliged to take a cross-appeal. While it is true that this phase of the construction of the statute has not been treated in express language, the decisions in *Dempsey v. National Surety Co.* 173 Wis. 296, 181 N. W. 218, and in *Johnson v. Rudolph Wurlitzer Co.* 197 Wis. 432, 222 N. W. 451, permitted a review of matters not brought up on the appellant's appeal, permitting the opposite party to have a review of matters as if he had taken a cross-appeal under the former practice. This practice has been followed in a number of cases where the question has not been raised and the situation may not be presented by a statement of facts in various cases.

We have carefully reconsidered the matter, and we think it is plain not only from the language of sec. 274.12, but from the decisions referred to and others, that it was the intent and purpose of sec. 274.12 to bring to this court all matters affecting the parties jointly or severally bound by the judgment when one party takes an appeal from the judgment or a part thereof. If the section should be construed to bring here only that part appealed from, the opposite party would have no substantial right of review in such case, and the whole purpose and object of the statute, which was that the controversy should be finally settled, determined, and terminated in a single proceeding in the appellate court, would be defeated. This construction may operate in some cases disadvantageously to the appealing party, in that he may be compelled to bring here, by an appeal from part of a judgment or order, parts of the judgment or order which he would prefer to leave in force in the court below.

To what extent the jurisdiction of the court below is affected under the various statutes is not determined in this case because not presented or argued. We shall decide only the question presented here, and that is, Did the lower court have jurisdiction to stay the judgment appealed from? This requires a determination as to the effect of an appeal to this court upon the jurisdiction of the court appealed from. Sec. 274.30 provides:

> "*Judgment stayed when appeal perfected.* Whenever an appeal shall have been perfected and the proper undertaking given or other act done, prescribed by this chapter, to stay the execution or performance of the judgment or order appealed from, all further proceedings thereon shall be thereby stayed accordingly, except that the court below may proceed upon any other matter included in the action, not affected by the judgment or order appealed from, and except that the court or presiding judge thereof may order perishable property, held under the judgment or order appealed from, to be sold, and the proceeds paid into court to abide the event."

There can be no doubt that an appeal at the present time from the whole or a part of a judgment operates to remove the whole matter to this court and thereby deprives the trial court of all jurisdiction in respect thereto except and unless the statute giving the right of appeal reserves to the trial court certain jurisdiction or authority over its judgment. *Tilley v. Washburn,* 91 Wis. 105, 64 N. W. 312; *Congregation of Immaculate Conception v. Hellstern,* 105 Wis. 632, 81 N. W. 988; *Harrigan v. Gilchrist,* 121 Wis. 127, 213, 99 N. W. 909; *Ott v. Boring,* 131 Wis. 472, 110 N. W. 824, 111 N. W. 833; *Jones v. Providence Washington Ins. Co.* 151 Wis. 274, 138 N. W. 1005; *Todorovic v. Hirschberg,* 172 Wis. 14, 177 N. W. 884; *Dempsey v. National Surety Co.* 173 Wis. 296, 181 N. W. 218.

We are next led to inquire whether or not under the statute any jurisdiction remained in the circuit court for Milwaukee county to stay execution of that part of the judg-

ment which granted an injunction against the defendants. Sec. 274.25 provides:

"When a party shall give immediate notice of appeal from an order vacating or modifying a writ of attachment or from an order denying, dissolving or modifying an injunction he may, within three days thereafter, serve an undertaking, executed on his part by at least two sureties, in such sum as the court or the presiding judge thereof shall direct, to the effect that if the order appealed from or any part thereof be affirmed the appellant will pay all costs and damages which may be awarded against him on the appeal and all which the adverse party may sustain by reason of the continuance of the attachment or the granting or continuance of the injunction, as the case may be. Upon the giving of such undertaking such court or judge shall order the attachment to be continued, and, in his discretion, may order the injunction asked to be allowed or that before granted to be continued until the decision of the appeal unless the respondent shall, at any time pending the appeal, give an undertaking, with sufficient surety in a sum to be fixed by such court or judge, to abide and perform any final judgment that shall be rendered in favor of such appellant in the action; but may at any time subsequently vacate such order if the appeal be not diligently prosecuted."

If the language of this statute be literally construed, only a party appealing could stay execution of a judgment or that part of a judgment appealed from. So construed, where one party appeals from a part only of a judgment and so removes the entire matter to the appellate court, the opposite party could not take advantage of the provisions of sec. 274.25 because he would not be within the terms of that statute an appellant, so he would have no opportunity to stay that part of the judgment from which the appeal was taken. This would be too literal an interpretation of the terms of the whole statute. Construing the various provisions of the statutes together, it is apparent that it was the legislative purpose that one having a right of review might

have a stay of that part of the judgment he sought to have reviewed. The statute making no provision for a stay of that part of the judgment not appealed from but by the first appeal removed to this court, it must be held that, upon serving notice of review under the provisions of sec. 274.12, the opposite party may have that part of the judgment sought to be reviewed, stayed in this court. The statute might very properly have empowered the trial court to grant a stay under such circumstances, but in the absence of such a provision no power remains in the circuit court because as it now stands the entire judgment is brought here by the first appeal. An amendment to the statute would no doubt serve the convenience of litigants.

It is considered, therefore, that under the statutes as they now stand, where one party appeals from a part of the judgment and so removes the entire matter to this court, the opposite party desiring a stay of execution as to him must apply to this court for his stay, as indicated in *Northwestern Mut. Life Ins. Co. v. Park Hotel Co.* 37 Wis. 125. The circuit court being without jurisdiction to grant the stay and the entire case having been removed here by the plaintiff's appeal, the order of the circuit court staying execution made after the appeal was perfected is void and of no effect. The defendants having served a notice of review are granted leave to apply to this court for a stay of that part of the judgment as to which they desire a review. Plaintiff's motion to set aside and vacate the order of the circuit court is granted.

*By the Court.*—It is so ordered.