MILWAUKEE ELECTRIC CRANE MANUFACTURING CORPORATION, Appellant, vs. FEIL MANUFACTURING COMPANY and others, Defendants: DREXEL STATE BANK and others, imp., Respondents.

*March 31—April 29, 1930.*

496

For the appellant there were briefs by *Gold & McCann* of Milwaukee, and oral argument by *Ray T. McCann.*

For the respondent Drexel State Bank there was a brief by *Barre Blumenthal* of Chicago and *Lines, Spooner & Quarles* of Milwaukee.

For the respondents Builders Investment Company and Central Manufacturing District Bank there was a brief by *Alexander, Burke & Clark* of Milwaukee, and oral argument by *Frank P. Burke.*

STEVENS, J. (1) The provision of the judgment quoted above does not determine the amount of damages which the defendants therein named are entitled to recover, but it does determine that they are entitled to recover "any damages that have been sustained" by any of them. It leaves nothing open but the question of the amount of such damages, if any, that have been sustained by them. The order refusing to strike that portion of the judgment is "a final order affecting a substantial right made . . . upon a summary application in an action after judgment," and is therefore appealable under sub. (2) of sec. 274.33 of the Statutes.

(2) The trial court had full power to enter an order striking the portion of the judgment here in question. " 'All courts, from the highest to the lowest, whose proceedings are preserved in any species of record or memorial, have the power and authority to make such corrections therein as truth and justice require and the rules of law will permit, and this power, being inherent, belongs to a court merely as such and does not depend upon a statutory grant of jurisdiction.' " *Packard v. Kinzie Avenue Heights Co.* 105 Wis. 323, 325, 81 N. W. 488.

This power on the part of the trial court is confined strictly to making such corrections as will cause the written evidence of the decree to conform to the judgment in fact rendered by the court. By the exercise of this power the court may not modify or change the judgment so as to make it conform to the decree that ought to have been entered.

"There is no power to correct errors in the actual judicial determination under the guise of correcting mistakes." *Packard v. Kinzie Avenue Heights Co.* 105 Wis. 323, 326, 81 N. W. 488.

"The test to be applied in determining whether an error in a judgment is of a judicial character, or a mere clerical mistake which may be corrected in the court where it was made at any time, saving intervening rights of third parties and with due regard to equitable considerations, is whether the error relates to something that the trial court erroneously omitted to pass upon or considered and passed upon erroneously, or a mere omission to preserve of record, correctly in all respects, the actual decision of the court. . . . If the difficulty is found to be of the latter character, it may be remedied as a mere clerical mistake, which will not have the effect to change the judgment pronounced in the slightest degree, but merely to correct the record evidence of such judgment." *Bostwick v. Van Vleck,* 106 Wis. 387, 390, 82 N. W. 302.

If the error is an omission to correctly record the judgment actually pronounced, the mere fact that an appeal has been taken does not deprive the trial court of jurisdiction to correct the wording of the judgment so as to make it conform to the judgment actually pronounced by the court. *State ex rel. Taylor v. Delafield,* 69 Wis. 264, 268, 34 N. W. 123; *Kelly v. Chicago & N. W. R. Co.* 70 Wis. 335, 339, 35 N. W. 538; *Hoffman v. State,* 88 Wis. 166, 174-5, 59 N. W. 588.

After an appeal is taken the powers of both the trial and the appellate courts are determined by the statutes which regulate such appeals. This is illustrated by a recent case in which it was held that the statutes reserved to the trial court, after an appeal had been perfected, very broad powers over the judgment. It was there said: "The opinion in *David Adler & Sons Co. v. Maglio,* 198 Wis. 24, 223 N. W. 89, recognizes that the statute giving the right of appeal

may reserve to the trial court certain jurisdiction or authority over its judgment." *Seyfert v. Seyfert,* 201 Wis. 223, 226, 229 N. W. 636, 638. The case of *David Adler & Sons Co. v. Maglio,* 198 Wis. 24, 223 N. W. 89, did not involve an attempt to correct the record of the trial court. There the trial court attempted to stay the execution of a judgment after an appeal therefrom had been perfected under a statute that reserved no such power to the circuit court.

In the absence of a reservation of power in the statute regulating the appeal, the perfecting of the appeal undoubtedly deprives the trial court of the jurisdiction to interfere with the status or course of proceedings under the judgment appealed from, but it does not take away the power to "correct its own records to conform to the facts." *State ex rel. Zabel v. Municipal Court,* 179 Wis. 195, 198, 190 N. W. 121, 191 N. W. 565. After an appeal there is "a qualified jurisdiction . . . still remaining in the circuit court. . . . Nowhere do the appeal statutes say expressly or by fair implication that the trial court entirely loses jurisdiction of an action after appeal." *Jones v. Providence Washington Ins. Co.* 151 Wis. 274, 278, 138 N. W. 1005.

The fact that the trial court retains jurisdiction while an appeal is pending in this court for the purpose of correcting its records to make them speak the truth finds frequent application with reference to the settlement and correction of bills of exceptions. "This court has frequently remitted the record to the trial court after an appeal has been duly taken in order that the court below might, on motion, correct the bill of exceptions or make other minor but necessary additions to the record, and this court has for years recognized *sub silentio* the power of the trial court, after the appeal has been duly taken and the record sent here, to make an entire bill of exceptions and transmit the same to this court by supplemental return." *Jones v. Providence Washington Ins. Co.* 151 Wis. 274, 276, 138 N. W. 1005.

(3) The next question presented is whether the record

contains such proof of the judgment actually pronounced as to authorize the trial court to make the order correcting its judgment.

The early English rule required such proof to appear as a matter of record. This rule has been adopted in some American jurisdictions. But a more liberal rule obtains in most jurisdictions in this country. It is generally held that the fact that the judgment does not correctly evidence the decree actually pronounced may be established by proof outside the contents of the record. "The rule that 'a record can only be amended by matter of record' seems to rest, in the last analysis, upon the rule that 'a record imports absolute verity.' Without losing sight of the extreme importance of securing stability and authority to the solemn memorials of the courts, we may still conceive that this rule, if applied with full rigor and severity, might in many cases produce the greatest hardship and injustice. But it is evident to a student of American case-law that we are gradually working away from the old standards in this respect. The courts are more and more disposed to a liberal practice and to look to the full and perfect administration of justice, rather than to buttress up the sanctity of records by forbidding inquiry into their truth." 1 Black, Judgments (2d ed.) § 165.

Wisconsin has refused to follow the old technical English rule. At an early date this state held that a court might base an order correcting its judgment upon facts "within the knowledge and recollection of the court." *Wyman v. Buckstaff*, 24 Wis. 477, 478, 479. But this is a rule that should be confined to cases in which the application is made within so short a time after the judgment is entered that the terms of the judgment pronounced will be fresh in the minds of both counsel and the court. *Packard v. Kinzie Avenue Heights Co.* 105 Wis. 323, 326, 81 N. W. 488. This is such a case. The application was made within two months from the date when the judgment was entered. Under the rule of the Wisconsin cases cited above, the positive statement

of the trial judge that the decree actually pronounced did not award damages was sufficient to require the court to enter the order correcting the judgment.

(4) As the recitals in the order appealed from so clearly demonstrate the finding of the trial court that the judgment should be corrected—the order having been denied solely on the ground that the court did not have the power to make such an order,—it becomes unnecessary to determine whether the defendants named in the judgment are entitled to recover damages because of the entry of the injunctional order. This is a question that has never been determined by the trial court.

(5) Plaintiff contends that no costs should have been taxed against it after the bankruptcy, because, as it contends, the litigation was then carried on by the trustee on behalf of all creditors. This contention seems to be based on the erroneous assumption that this action was begun to protect the rights of all creditors. The action was in fact one based upon the claim of the plaintiff alone. There was no allegation that the action was brought on behalf of all creditors.

This was an action demanding equitable relief. Costs were in the discretion of the court. In view of the nature of the allegations contained in the complaint, there was no abuse of discretion in awarding costs against the plaintiff.

(6) There was no error in the taxation of costs. The rule of *Koch v. Peters,* 97 Wis. 492, 503, 73 N. W. 25, that a party is entitled to tax for only three copies of papers drafted, is confined to papers of such a nature that the sheriff is authorized to tax for copies served. The party drafting findings is not limited to the taxation of three copies of the same, because the findings are not papers that are served by the sheriff, as are the summons and complaint.

*By the Court.*—The judgment as to costs is affirmed. The order denying the motion to amend the judgment is reversed, with directions to enter the order.