STATE EX REL. FREEMAN PRINTING COMPANY, and others, Relators, v. LUEBKE, Circuit Judge, Respondent.

*September 8—October 3, 1967.*

For the relators there was a brief by *Lowry, Hunter & Tikalsky,* and oral argument by *Thomas E. Anderson,* all of Waukesha.

For the respondent there was a brief by *Callahan, Arnold & Van Metre,* and oral argument by *Neal P. Nettesheim,* all of Columbus.

HALLOWS, J.   The sole question is whether the trial court had jurisdiction to grant a voluntary nonsuit to the plaintiff D'Amato while an appeal of the relators in this proceeding from the order overruling their demurrer to the amended complaint was pending in this court. The trial court noted in its memorandum decision and D'Amato argues in his brief that the motion for a non-

suit was pending in the trial court at the time the appeal was taken, but we think that fact is not material on the question of the trial court's jurisdiction.

The question here presented is not in effect unlike the trial court's order striking a notice of appeal in *Congregation of Immaculate Conception of Barton v. Hellstern* (1900), 105 Wis. 632, 635, 81 N. W. 988, in which this court said: "This court is willing that its burdens may be lightened in any legitimate way, but it cannot recognize the right of the lower court to dispose of cases that have been removed to this court in the way pointed out by statute."

The general rule relating to the effect of an appeal on the jurisdiction of the trial and appellate court is that in the absence of a contrary statute an appeal duly perfected divests the trial court of jurisdiction of the subject matter of the appeal and transfers it to the appellate court where it remains until the appellate proceeding terminates and the trial court regains jurisdiction. Annot., 89 A. L. R. 2d 1236. The rule is stated substantially the same in 4 Am. Jur. 2d, *Appeal and Error,* p. 830, sec. 352, and in 4A C. J. S., *Appeal and Error,* p. 395, sec. 607, where reference is made to exclusive power or the cause, action or subject matter. In the very early case of *Waterman v. Raymond* (1856), 5 Wis. 185, the court in deciding it had the power to order a stay of proceedings in the trial court during an appeal said, ". . . the appeal removes the subject matter, and all matters connected therewith, to this court, and is thenceforth under its control." The concept that the appellate court in the absence of statute has exclusive jurisdiction over the subject matter of the appeal for appeal purposes runs through all the Wisconsin cases although it is recognized there is a diversity in the language in stating the rule and the determinations of what constitutes the subject matter of an appeal.

It is necessary in the orderly administration of justice that the appellate court should have exclusive jurisdic-

tion over the disposition of the appeal and the determination of its merits, but in matters not directly concerned with the appeal but still part of the case the trial court might properly have jurisdiction. *Estate of Mayer* (1966), 29 Wis. 2d 497, 139 N. W. 2d 111. *See Ott v. Boring* (1907), 131 Wis. 472, 110 N. W. 824, 111 N. W. 833 (trial court's jurisdiction "suspended" during appeal —"both courts cannot have jurisdiction of the cause"). Consequently, in *Kelly v. Chicago & N. W. Ry.* (1887), 70 Wis. 335, 35 N. W. 538, it was recognized that the trial court pending an appeal had the power to correct its own record to conform to the judgment pronounced, but the appellant was entitled to have this court pass upon the uncorrected order where that order correctly reflected the pronouncement of the court so far as it went but omitted a second ground for the order. Likewise, in *Jones v. Providence Washington Ins. Co.* (1912), 151 Wis. 274, 138 N. W. 1005, the court pointed out that notwithstanding the positive language used in prior cases there was a "qualified jurisdiction" after appeal still remaining in the circuit court which may be called into activity by permission of this court. But, this must be read in the context of what the court did—remanded the cause on appeal so that a motion to set aside the verdict could be made in the trial court. It was held in *State ex rel. Zabel v. Municipal Court* (1923), 179 Wis. 195, 190 N. W. 121, 191 N. W. 565, the trial court had no power to suspend a sentence in a criminal case and to place the defendant on probation while the judgment of conviction was on appeal because such action was an interference with the "status or course of the proceedings resulting in the judgment" appealed.

However, the trial court has no power to dismiss a case when it is on appeal because the dismissal is an interference with appellate jurisdiction over the subject matter and defeats the right of the opposing party to a determination of the appeal. See 4 Am. Jur. 2d, *Appeal and*

*Error,* p. 832, sec. 352; *Peterson v. Peterson* (1956), 208 Or. 131, 292 Pac. 2d 130, 300 Pac. 2d 443; *State v. Jackson* (1961), 228 Or. 371, 365 Pac. 2d 294; and Annot., *Jurisdiction to proceed with trial of criminal case pending appeal from order overruling demurrer, motion to quash, or similar motion for dismissal,* 89 A. L. R. 2d 1236. The statement in 6 Callaghan's Wisconsin Pleadings and Practice (3d ed.), p. 478, sec. 52.62, "Thus, pending appeal from an order sustaining a demurrer to a complaint, the trial court has jurisdiction to enter a judgment dismissing the complaint" is misleading.

The authority for this statement is *Nickoll v. North Avenue State Bank* (1941), 236 Wis. 588, 295 N. W. 715. But, in *Nickoll* the intermediate order appealed from was self-executing and provided for a dismissal of a complaint unless certain conditions were met. These conditions were not met but an appeal was taken without staying the order. During the appeal a motion was made to restrain the court from entering a judgment dismissing the complaint and this court held the trial court continued to be vested with jurisdiction to proceed in relation to the execution or performance of its order which had not been stayed as it might have been under sec. 274.24, Stats.

What the subject matter of an appeal is and what constitutes interference with that subject matter is not always free from doubt. An appeal from a final judgment would normally remove the complete case from the trial court at the time the appeal was perfected. See *Estate of Bailey* (1931), 205 Wis. 648, 238 N. W. 845; *Szafranski v. Radetzky* (1966), 31 Wis. 2d 119, 141 N. W. 2d 902 (rule of court). An appeal from part of a final judgment removes at least that part appealed from and so much of the balance as is necessary for a respondent to petition for a review. *But see David Adler & Sons Co. v. Maglio* (1929), 198 Wis. 24, 223 N. W. 89, for a discussion of this problem and where the court held it had exclusive power upon appeal by statutes as then existing where a

petition for review was also asked to stay that part of the judgment not appealed from because the entire judgment was before it. *See also Northwestern Mut. Life Ins. Co. v. Park Hotel Co.* (1875), 37 Wis. 125. If the appeal is from an order, only the subject matter of that order, *i.e.,* only such portions of the proceedings as are germane to the order, is transferred by the appeal. This is best illustrated in *Estate of Mayer, supra,* where we held that an order dismissing a petition to remove the executors was not germane to the appealed order relating to the denial of the widow's allowance.

The general rule may be modified by statute whereby limited jurisdiction is given to the trial court over the subject matter on appeal and the exercise of this reserved jurisdiction may indirectly affect the subject matter of the appeal. Such a case is *Seyfert v. Seyfert* (1930), 201 Wis. 223, 229 N. W. 636, wherein this court held that the appeal from that part of a judgment in a divorce action relating to alimony and division of property did not deprive the trial court of its statutory jurisdiction under old sec. 247.37, Stats., to affect the status of the parties. Consequently, when the trial court set aside the divorce while the appeal was pending, it indirectly destroyed the basis of the appeal since alimony and division of property can only be predicated upon a judgment of divorce. The court expressly reserved the question of whether the trial court would have the power to affect the status of the parties by vacating the divorce even under such statutory authority if there had been an appeal from that part of the judgment.

The lack of the trial court's jurisdiction to deal with the subject matter on appeal must be distinguished from its power to stay the judgment on the appeal or to enforce the judgment if the execution thereof is not stayed. Originally at common law an appeal stayed the judgment, but at an early date this was changed by statute. The power of both the trial and appellate courts upon appeal

in respect to enforcement of judgments is generally determined by statutes such as are found in ch. 274, Stats. See *Nickoll v. North Avenue State Bank, supra,* and *David Adler & Sons Co. v. Maglio, supra.* This exercise of the power to stay enforcement of a judgment or to enforce it when the stay statutes are not complied with cannot be considered an interference with the appellate power over the subject matter of the judgment because the effect of an appeal on the enforcement of the judgment is now controlled by statute. *Carpenter Baking Co. v. Bakery Sales Drivers Local Union* (1941), 237 Wis. 24, 296 N. W. 118 (contempt for violating injunction which was appealed).

D'Amato had no absolute right to a nonsuit as he would have had at common law. A nonsuit is granted in the discretion of the court when it has no prejudicial effect on the other party. *Burling v. Burling* (1957), 275 Wis. 612, 82 N. W. 2d 807; *Caley v. Flegenheimer* (1959), 8 Wis. 2d 72, 98 N. W. 2d 473. The granting of his motion by the trial court involved the exercise of judicial power in weighing the merits for granting the dismissal. The dismissal was a direct interference with the subject matter of the appeal and it deprived the relators of their right to have the order overruling their demurrer determined by this court. Sec. 270.24, Stats., providing "The plaintiff shall have no right to submit to a nonsuit after the argument of the cause to the jury . . . ." relied on by the trial court does not give D'Amato the right to a nonsuit or reserve to the trial court jurisdiction during appeal to grant one. The order granting the nonsuit was void and in excess of the court's power.

*By the Court.*—The order of the circuit court for Waukesha county dismissing the action entitled James D'Amato, Plaintiff, v. Freeman Printing Company, a Wisconsin corporation, Henry A. Youmans, Jr., Gilbert H. Koenig, Freeman Reader, alias, and Disgusted Taxpayer, alias, Defendants, be and the same is vacated and set aside, costs to be taxed against James D'Amato.