HUNTER, Respondent, v. HUNTER, Appellant.

*No. 103. Argued October 27, 1969.—Decided November 25, 1969.*
(Also reported in 172 N. W. 2d 167.)

619

For the appellant there were briefs by *Kersten & McKinnon,* attorneys, and *Charles J. Kersten* of counsel, all of Milwaukee, and oral argument by *Charles J. Kersten.*

For the respondent there was a brief by *Jacobson & Jacobson* and *Donald C. Jacobson,* all of Milwaukee, and oral argument by *Donald C. Jacobson.*

WILKIE, J. The first issue raised by appellant in his attack on the trial court's three-day contempt order is as follows: Did the circuit court for Milwaukee county have jurisdiction to hold appellant in contempt for failing to obtain permission to remarry, when at the time of such contempt proceedings an appeal from the judgment of divorce was pending before this court?

Put another way, the issue is whether the lower court had jurisdiction to find appellant in contempt when an appeal from the entire original judgment of divorce, except that part which granted an absolute divorce, was pending before this court.

In order to ensure the orderly administration of justice and to prevent the trial court from doing anything that might adversely affect the rights and interests of the parties to the appeal, the general rule is that an appeal from a judgment or order strips the trial court of jurisdiction with respect to the subject matter of the judgment or order, except as to certain unsubstantial and trivial matters, and the supreme court then has jurisdiction until the determination of the appeal.[1] However, in matters not directly concerned with the appeal but still a part of the case, the trial court may properly retain its jurisdiction.[2]

Here, since the appeal was from the entire judgment of divorce *except* that part which granted an absolute divorce, it follows that any of the factors related to or connected with this part of the judgment would still be before the trial court.

This brings us to the second issue raised by the appellant as a basis for reversing the trial court's order, namely: Was that part of the judgment of divorce refer-

[1] *Estate of Mayer* (1966), 29 Wis. 2d 497, 139 N. W. 2d 111; *State ex rel. Freeman Printing Co. v. Luebke* (1967), 36 Wis. 2d 298, 152 N. W. 2d 861. *See also Spellman v. Ruhde* (1965), 28 Wis. 2d 599, 137 N. W. 2d 425.

[2] *See State ex rel. Freeman Printing Co. v. Luebke, supra,* footnote 1.

ring to sec. 245.10, Stats., an order of the court which appellant could be found in contempt for ignoring?

Sec. 295.01, Stats., provides, *inter alia*:

"Every court of record and every judge of such court . . . shall have power to punish by fine and imprisonment, or either, any neglect or violation of duty or any misconduct by which the rights or remedies of a party in an action or proceeding pending or triable in such court . . . may be defeated, impaired, impeded or prejudiced in the following cases:

". . .

"(3) Parties to actions . . . for any other disobedience to any lawful order, judgment or process of such court. . . ."

The judgment provided:

"It is further adjudged:

"Where either plaintiff or defendant is obligated herein or by other judgment or court order to support any minor issue (child or children) of the marriage not in his custody, he or she is prohibited by s. 245.10 from marrying again in this state or elsewhere after such judgment becomes effective (final) unless permission to marry is granted by order of either the court of this state which granted such judgment or support order, or the court having divorce jurisdiction in the county of this state where such minor issue (child or children) resides, or where the marriage license application is made."

Thus, the divorce judgment entered by the trial court explained the terms of sec. 245.10, Stats., but it did not specifically *order* or *adjudge* that the defendant could not marry again unless permission to marry was granted where the marriage application was made.

We conclude that where no specific order was entered requiring court permission prior to remarriage, the court had no basis for entering its contempt order.

Because of our resolution of the second issue raised by the appellant, it is unnecessary for the court to reach the third issue raised by the appellant, namely: Was the

appellant given adequate notice that he could be held in contempt for failing to obtain permission to remarry in California?

*By the Court.*—Order reversed.

BEILFUSS, J., took no part.