## NOONAN vs. ORTON.

*Counter-claim — Pleading — Effect of Appeal from interlocutory order.*

1. In an action by N. against O. for malicious prosecution, O. cannot set up a counter-claim for damages, for that said action of N. is itself maliciously brought.
2. N.'s action being for the malicious prosecution of certain *garnishee* proceedings in a certain suit of O. against him, O. cannot set up a

counter-claim for a cause of action connected with the subject matter of his *original* suit but disconnected with the garnishee proceedings.

3. A demurrer to counter-claims interposed generally to an action cannot be supported as a demurrer to the complaint if *any one* of the several counts in the complaint is good.

4. One who has been improperly subjected to damage by means of garnishee proceedings against his debtors, may maintain an action therefor.

5. An appeal from an intermediate order before judgment, does not stay proceedings in the action unless the court so orders.

6. Thus the pendency of an appeal from an order striking out some other portion of the answer will not prevent the making of a subsequent order sustaining or overruling a demurrer to a counter-claim in such answer.

APPEAL from the County Court of *Milwaukee* County.

The defendant having brought an action against the plaintiff and one Peter McNab, to recover a large sum for water rents alleged to be due him from the defendants in that action, instituted several garnishee proceedings against different debtors of the present plaintiff.

This action was brought to recover damages for the alleged malicious abuse of the process of the court in commencing and prosecuting such garnishee proceedings.

The complaint contains nine alleged causes of action or counts separately stated, which are all predicated upon such garnishee proceedings. Each count alleges that the affidavit upon which the proceedings in each case were founded was false, and that such proceedings were wrongfully, unlawfully and maliciously commenced and prosecuted by the defendant, without any probable cause therefor, to the great injury and damage of the plaintiff, and with intent thereby to vex, harrass and injure the plaintiff. All but two of the counts allege that the court in which the same were pending had quashed and dismissed such garnishee actions and proceedings as an abuse of the process, and that the same were ended before this action was commenced.

The defendant, Orton, interposed two counter-claims to the whole action.   The first of these is that *this* action was maliciously brought by the plaintiff, for which the defendant demands damages in the sum of one thousand dollars.   The second counter-claim is for damages resulting to the defendant from several alleged acts of unlawful interference by the plaintiff with the water and water-power of the defendant, and his property and rights connected therewith.   These acts need not be specifically stated here.   It is sufficient to state that they relate to the subject matter of the action first above mentioned, and in which such garnishee proceedings were had.

The plaintiff interposed a demurrer to both counter-claims, and assigned as grounds therefor, the following:

" 1st. That each of said counter-claims does not state facts sufficient to constitute a counter-claim herein.

2d. That it appears in and by each of said counter claims that it did not arise out of the transaction or transactions set forth in the complaint as the foundation of the plaintiff's claim or claims, and is not connected with the subject of this action, and is a claim in tort."

The county court sustained such demurrer, and from the order sustaining the same, the defendant has appealed.

*J. J. Orton*, appellant, in *pro. per.*

*Jason Downer*, for respondent.

LYON, J.   If the defendant in either of the counter-claims has stated " a cause of action arising out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action," the demurrer thereto should have been overruled.   If he has failed to state therein such a cause of action, the demurrer was properly sustained.

I. We can scarcely believe that the first counter-claim was seriously interposed.   The idea is certainly novel, that a defendant may set up, by way of counter-claim to an action, that

such action was brought maliciously and without probable cause, and claim damages therefor. No plausible grounds upon which this counter-claim can be sustained are suggested to our minds, unless it be assumed that the bringing of this action is a transaction which had its foundation in malice, and that, therefore, the counter-claim arises out of a transaction which is the foundation of the plaintiff's claim. But this view fails somewhat to commend itself to our minds as the correct one, and we have concluded upon the whole, that, in the absence either of principle or authority to sustain it, the safer course is to hold that the first counter-claim is not available in this action.

I. As to the second counter-claim, it is only necessary to remark that the "foundation" and "subject" of this action is the alleged abuse of the process of the law by the defendant, in commencing and prosecuting the garnishee proceedings set out in the complaint; and while this counter-claim may be connected with the subject of the original action in which those proceedings were had, we are entirely unable to perceive how it can be successfully maintained that the same "arises out of the transaction set forth in the complaint, as the foundation of the plaintiff's claim," or that it is connected with the subject of this action.

III. But it is argued that the complaint fails to state facts sufficient to constitute a cause of action, and that, therefore, the demurrer should have been sustained as a demurrer to the complaint. This presents the question as to the sufficiency of the complaint.

It appears that a demurrer to the ninth cause of action was sustained, and the counter-claims are interposed generally in the action, that is, the same are applicable to the remaining eight counts. If, therefore, any of those counts state a good cause of action, the demurrer to such counter-claims cannot be sustained as a demurrer to the complaint, although some of the counts fail to state a cause of action. This is a familiar rule of pleading.

Without repeating here the allegations of the complaint, or examining the different counts with reference to a determination of the sufficiency of each, it is only necessary to say that we have examined the complaint carefully, and are of the opinion that it contains a statement of facts sufficient to constitute a cause of action. It is believed that this view is sustained by the following authorities, *Sommer v. Wilt*, 4 S. and R., 19; *Savage v. Brewer*, 16 Pick., 453; *Rogers v. Brewster*, 5 Johns, 125; *Fripp v. Martin*, 1 Spears (So. Car.) 236; *Tomlinson v. Warner*, 9 Ham., 103; *Page v. Cushing*, 38 Me., 523; *Bump v. Betts*, 19 Wen., 421.

It will appear from the above cases, and numerous others, both in England and this country, which might be cited, were it necessary, that the *gravamen* of the action is, that the plaintiff has improperly been made the subject of legal process to his damage. 2 Greenl. Ev., § 449. It cannot be doubted that the complaint in this action alleges that the defendant improperly subjected the plaintiff to damage by means of the garnishee proceedings against the plaintiff's debtors.

IV. There is no force in the objection that the proceedings on the demurrer to the counter-claim are stayed because an appeal is pending in this court from an order striking out some other portion of the answer. An appeal from an intermediate order before judgment, does not operate to stay proceedings in the action, unless the court below so orders. *Taylor's Statutes*, 1641, § 24. No such order appears in this case.

The order of the county court sustaining the demurrer to the first and second counter-claims in the answer, must be affirmed.

*By the Court* — So ordered.