HILL and others, Appellants, vs. GATES COUNTY and others, Respondents.

*December 3 — December 17, 1901.*

*Appeal: Stay of proceedings: Discretion.*

1. Under sec. 3060, Stats. 1898, application for a stay of proceedings pending an appeal from an intermediate order should ordinarily be made first in the trial court.
2. A stay of proceedings pending an appeal from an intermediate order will not be granted by the supreme court unless there is rea-

sonable ground for believing that there is merit in the appeal and that the trial court abused its discretionary power in refusing the stay. The mere fact that there is an honest controversy and a good-faith prosecution of the appeal is insufficient. *Janesville v. Janesville W. Co.* 89 Wis. 159, limited.

APPEAL from an order of the circuit court for Gates county: JOHN K. PARISH, Circuit Judge. Motion for a stay of proceedings pending the appeal. *Motion denied.*

Taxpayers' action to restrain the county board of Gates county from erecting county buildings or incurring any expense to the county in that regard pending efforts to have the question of where the county seat should be located submitted to a vote of the electors of the county. The following, omitting formal allegations, is the substance of the complaint: In the act creating *Gates County* (ch. 469, Laws of 1901), Ladysmith was named as the county seat till otherwise determined according to law. While the act was pending certain nonresidents of the territory of the proposed county, who were owners of land in the vicinity of Ladysmith, for the purpose of promoting its passage and having the new creation bear the name of Gates and its county seat located at Ladysmith, gave out to the public that they would contribute $10,000 to aid in the erection of the county buildings. That promise has not been redeemed. The county board, in July, 1901, authorized the issuance of county bonds to obtain money to defray the expenses of county buildings, nothing being said about the permanent location of the county seat, providing, however, that no expense should be incurred for county buildings in advance of a judicial determination of the validity of the act creating the county. October 5, 1901, while proceedings were pending to have the question of the location of the county seat submitted to the people in due form of law, the county board were hastily called together, and proceedings taken by it to proceed immediately to issue the bonds theretofore

authorized, and to erect county buildings at Ladysmith, at the same time passing a resolution locating the county seat at that place. Such hasty action was taken to forestall and prevent the will of the people, as to the location of the county seat, being effectively expressed in the manner provided by law. More than a majority of the legal voters of the county desired to have the county seat at Bruce, and if the county board shall be permitted to proceed with their scheme, and it shall be finally determined to locate the county seat at Bruce, great and irreparable loss will be caused to the county and to the taxpayers thereof.

A temporary injunction was granted upon the verified complaint, restraining the county board from doing the acts complained of pending the final determination of the rights of the parties, which was thereafter dissolved and plaintiffs appealed to this court. An application was made to the trial court for a continuance of the injunction pending the appeal, which was denied. Application was then made to this court for an order restraining defendants from proceeding with the erection of county buildings; and putting such other restraints upon them as should be deemed necessary to render a final judgment in favor of plaintiffs effective should they obtain such relief, supporting such application by an affidavit of merits and an affidavit that the appeal was being prosecuted in good faith. Defendants presented their answer to the complaint, admitting that the proceedings alleged to have been taken, looking to the erection of county buildings at Ladysmith, were correctly alleged, but denying that the members of the county board had any motive in the matter other than to promote the best interests of the county of *Gates* and of the taxpayers thereof.

*Glenn H. Williams,* attorney, and *Geo. L. Williams,* of counsel for the motion.

*L. E. McGill,* attorney, and *John Barnes,* of counsel, contra.

MARSHALL, J. The theory upon which this motion is presented is that, because appellants are prosecuting their appeal in good faith and are willing to comply with any order the court may make to protect respondents in the event of a decision in their favor, the doing of the things complained of pending the appeal should be restrained as a matter of right. Reliance is placed on *Janesville v. Janesville W. Co.* 89 Wis. 159. This language was there used:

"Within the limitation that the appeal is taken and prosecuted in good faith, and that the party asking it gives the reasonable security required for that purpose, a stay of proceedings during the pendency of an appeal is quite of course, and really a matter of right."

That has often been referred to under circumstances such as those we have now to deal with, but it has never been supposed here to state a correct rule except as applied to facts similar to those before the court at the time it was uttered. Viewed in the abstract, it must be unhesitatingly condemned; otherwise the discretionary power of the court would be entirely denied in such matters. To show that an application for a stay of proceedings in a cause pending an appeal is addressed to such power, in the absence of a statute creating an absolute right to a stay, we need but refer to the written law. While this court has inherent power to stay proceedings in a cause in a court of primary jurisdiction pending an appeal from some order there entered, and to place restraint upon the parties to the appeal so as to render the final result of the litigation effective, the proper place, ordinarily, to apply for such relief in the first instance is in the trial court. The practice there is regulated by sec. 3060, Stats. 1898, in the following language:

"No appeal from an intermediate order before judgment shall stay proceedings unless the court or the presiding judge thereof shall, in his discretion, so specially order."

Circumstances may exist leaving no room for the exercise of judicial discretion in such a matter, other than in favor

of the party applying for the stay or restraint. In such a case it may well be said that the application should be granted rather as a matter of right than as a favor. That was the situation in the *Janesville Case*. There the appellant, without a stay of proceedings in its favor, was reasonably certain to suffer great and irreparable damage in case it finally recovered. A probability existed that such a recovery would occur; and the interests of the adverse party in any event could be readily protected by security which the appellant was able and willing to give. Under those circumstances the refusal of the trial court to preserve the *status quo* pending the appeal was deemed a clear abuse of discretionary power. This court corrected the error, using the language to which we have referred. For all similar situations it states a correct rule of practice. *Valley I. W. Mfg. Co. v. Goodrick*, 103 Wis. 436. But the idea, that because of the mere fact of the existence of an honest controversy involved in an appeal, and willingness of the appellant to give security to protect the respondent, regardless of how baseless the claim of the former may be, and notwithstanding the judgment of the court of primary jurisdiction as to whether a stay should be granted under the circumstances, this court must listen favorably to an application for a stay, is manifestly wrong.

As before indicated, the proper place to first apply for a stay of proceedings pending an appeal to this court is in the trial court. That was done in this case and resulted adversely to appellants. Under such circumstances a second application made to this court in effect calls for a review of the discretionary action of the lower court, to be decided substantially the same as if the review thereof were by direct appeal. That is, the subject should be left where the trial court left it, unless such court clearly abused its discretion. In reaching the conclusion, the merits of the appeal may properly be looked into for the purpose of determining

whether questions are involved worthy of serious judicial consideration. Where a case appears to be entirely destitute of merit, manifestly, restraint upon the conduct of the adverse party should not be granted. To call for the exercise of discretionary power in favor of the applicant for a stay in a case like this, there should not only be an honest controversy and a good-faith prosecution of the appeal, but there should be reasonable ground for believing that there is merit in the appeal and that the trial court abused its discretionary power in refusing to grant a stay. We are unable to conclude that all of these essentials are present to support the application before us, and therefore it must be denied.

*By the Court.*— The motion is denied, with ten dollars costs.

On February 20, 1902, the appeal was dismissed by stipulation.