Dolman v. Pitt.

---

## WILLIAM A. DOLMAN, Respondent, v. JAMES F. PITT, Appellant.

### Kansas City Court of Appeals, November 7, 1904.

**TRIAL PRACTICE: Conflicting Testimony: Payment of Taxes: Estoppel.** The action is on a check given by defendant for the payment of his taxes to the plaintiff collector. The defendant's evidence tended to show that he intended only to pay his real estate tax and not his personal tax, which plaintiff included in the receipt without defendant's knowledge. Upon defendant observing the mistake in the receipt, he notified plaintiff to hold the check—there was a mistake, and later tendered him the money for the real estate tax and demanded his check. Plaintiff's testimony was in conflict with defendant's. *Held*, the theory of each side should have been submitted to the jury, and the defendant was not prevented from having his case go to the jury by the fact that, as directed by the collector, he had shown this receipt to the auditor, who had charged the collector with the amount thereof.

Appeal from Buchanan Circuit Court.—*Hon. Henry M. Ramey*, Judge.

REVERSED AND REMANDED.

*James W. Boyd* for appellant.

(1) All payments by check are conditional payments. So all receipts and acquittances given for checks are conditional receipts or acquittances. There is nothing in the policy of the law, and especially nothing in the statute involved, which gives to a tax col-

lector any rights superior to those of all other persons who accept checks. A check may be, as against the payee, countermanded at any time before it is paid. Albers v. Bank, 85 Mo. 173; 1 Morse on Banks and Banking (3 Ed.), sec. 398; Kahl v. Love, 37 N. J. 5. (2) It is only by the second declaration that a finding is directed and this is done apparently on the ground of an estoppel in that defendant having received duplicate receipts "carried them to the auditor's office." Sec. 5595, R. S. 1899.

*James M. Wilson* and *G. L. Zwick* for respondent.

(1) The drawer of a check, as between the bank and himself, has the right to countermand its payment, taking upon himself the consequences of his act. But, in the case at bar, the appellant procured the payment of his taxes by the giving of his check, and respondent became a holder for value and appellant could not countermand its payment without being liable for its amount and the protest fees. Albers v. Bank, 85 Mo. 176; 5 Am. and Eng. Ency. Law 1079. (2) Of course there was a conflict in the testimony, but the court sitting as a jury, found the facts as set out in plaintiff's instruction 2, and was amply justified by the evidence in so doing.

ELLISON, J.—Plaintiff at the date of the transaction which resulted in this litigation was collector of taxes for the city of St. Joseph. Defendant, a lawyer, was a citizen of the city assessed with taxes, both real and personal. The evidence in his behalf tends to show that he conceived that the personal tax was, for some reason, unjust and illegal and he determined not to pay it. He went to plaintiff's office with a pencil memoranda of his real estate and handed it to plaintiff and asked him to make out his receipt for the taxes. Plaintiff made a remark to him showing that he (plaintiff)

understood that he did not want to pay his personal taxes. Plaintiff, however, made out the receipt for the real estate at $7, but also included in it a statement of his personal tax of $22.50 and then said to him that his taxes were $29.50. That defendant then asked for a blank check, and plaintiff filled out one on the German-American bank and defendant signed, whereupon plaintiff delivered him the receipt and told him to take it to the auditor, whose office was in the same room, or building. Defendant took it to the auditor who signed it and made his entries in his books showing the amount of the receipt had been paid to plaintiff. When defendant was informed of the taxes, the amount did not suggest to him that anything more than the real estate tax was included, since he was erecting a building and supposed the tax represented an increased assessment on that account. He did not look at the receipt until he reached his office fifteen or twenty minutes afterwards. He then noticed that it included his personal tax. He immediately telephoned plaintiff telling him of the mistake in putting in personal tax as he was not intending to pay that, and requesting him to hold up the check and not present it. He also notified the bank not to pay it. It was then late in the evening, but next morning defendant went to plaintiff's office and told him further of the mistake and tendered the real estate tax in money, demanded a return of his check and left the receipt with plaintiff. The latter refused to accept the money for the real estate tax and refused to give up the check. In a day or two afterwards, plaintiff had it presented to the bank for payment, and upon refusal, had it protested and thereupon brought this action in his personal capacity for the amount of the check and the protest fee.

The evidence in behalf of plaintiff contradicts that just stated in defendant's behalf in substantial particulars. It tended to show that defendant asked to pay all his taxes real and personal and that when he called

plaintiff over the telephone he said there was a mistake in the taxes but did not say that the receipt included personalty when it should not have included such property.

In our opinion, if the facts are believed to be as the evidence in defendant's behalf tends to show them, plaintiff should fail in his case; and on the other hand, if they are believed to be as the evidence just referred to in plaintiff's behalf tends to show them, he should recover.

The difficulty in sustaining the judgment comes from the theory adopted by plaintiff in instructions. The idea therein set forth seems to be that if defendant gave his check to plaintiff and thereupon plaintiff gave him the tax receipt which he took to the auditor and that officer entered the tax as paid, amounting to a charge against the plaintiff as collector, that then plaintiff became liable for the amount and an action arose in his favor against defendant for the amount of the unpaid check. And this without any suggestion of the hypothesis suggested by the evidence in defendant's behalf.

It seems to us that the circumstances as shown in evidence in defendant's behalf should, if believed, relieve him. His payment of personal tax was not intended—was a mere inadvertence. And almost immediately, and before anything could occur to injure plaintiff or prejudice defendant, he notified plaintiff of the mistake and asked that the check be not presented for payment. To say that the mere fact that the auditor a few moments before the mistake was discovered had entered a charge of the amount against plaintiff as collector, absolutely rendered that officer liable beyond recall for the amount of the check, would be going much further than justice and good business methods demand.

As before stated, if plaintiff shows to the satisfaction of the triers of the fact that defendant knowingly paid his personal tax by check, then it was a binding

act so far as defendant was concerned and if the check was unpaid plaintiff should recover.

The judgment is reversed and cause remanded. All concur.