STATE EX REL. PABST BREWING COMPANY, Respondent, vs.
KOTECKI, City Comptroller, Appellant.

*March 16—April 11, 1916.*

*Taxation: Double assessment due to clerical error: Payment, when
not voluntary: Recovery of illegal tax.*

1. Where, after a taxpayer had examined the assessment roll and
   found it to be correct as to certain items of his property, the as-
   sessor re-entered those items under other heads and by a purely
   clerical error omitted to strike out the original entries, thus mak-
   ing a double assessment of such items, the taxpayer was not
   chargeable with constructive notice of such mistake so as to
   make his payment of the excessive tax a voluntary payment;
   and he had a legal right to have the excess refunded, which might
   be enforced under sec. 1164, Stats.
2. Taxpayers may assume the correctness of the entries and the com-
   putation made in extending their taxes on the roll, and of the
   statements made to them at the time of payment, and are not
   bound before making payment to search the books to ascertain
   the facts.

APPEAL from an order of the circuit court for Milwaukee
county: W. J. TURNER, Circuit Judge. *Affirmed.*

This is an appeal from an order overruling the defendant's
motion to quash an alternative writ of *mandamus* directing
the city comptroller to countersign the city's order in plaint-
iff's favor for $8,739.32 as required by a resolution of the
common council of the city.

The relation states the following facts: In June, 1913, the
plaintiff furnished to the proper assessor a statement of its
taxable property in the Second ward of the city. This state-
ment contained an item of $300,000 for machinery, brewing
vats, and tanks, excepting some machinery and boilers, and
an item of $182,516 for bottles, boxes, corks, and caps. The
assessor inserted these two items on the assessment roll as
personal property. The plaintiff, prior to the meeting of the
board of review, examined the assessment roll and found these
items thereon. On the day before the adjournment of the

board of review the assessor determined that these two items were not entered on the roll in proper form and decided that the item of $300,000 should be assessed as real estate and entered the items on the roll as a real-estate assessment, and that the item of $182,516 should be included in a category of personal property assessment other than the one in which it had been entered, and assessed and transferred the item to another category of personal property. But the assessor omitted to strike the two items from the roll where they had been originally entered, which resulted in having each item entered on the roll twice and in having each item twice included in the assessment and levy of the tax. The plaintiff had no notice of this clerical mistake in making up the assessment roll and paid the tax on the double assessments included in its tax bill.

In August, 1914, the error was discovered, and the plaintiff, under ch. 478, Laws 1913, immediately petitioned the common council upon these facts for a refund of $8,739.32, the excess amount it was required to pay on account of the double assessments. This petition was referred to committees as required by the procedure of the common council and was properly reported to the common council and was, on December 21, 1914, adopted by the common council, allowing the claim as a just and proper refund for unlawful taxes and directing that this amount be included by the board of estimates in the budget for 1915. The resolution was approved by the mayor on December 28, 1914.

On March 29, 1915, a resolution was presented to the common council reciting the previous steps taken in the matter and providing that the proper city officers draw an order of the city for $8,739.32, payable to the plaintiff, as a refund of such unlawful tax and that the amount be charged to the proper city fund. This resolution was duly referred, properly audited as a claim by the defendant as comptroller, and reported to and passed by the common council and approved

by the mayor on May 28, 1915. The city clerk drew the order as directed by the resolution and presented it with the resolution to the defendant *Kotecki,* as comptroller, who refuses to audit the resolution and countersign the city order for the refund. The petition alleges that at the time the last resolution was adopted and approved the city had funds in its possession, not otherwise appropriated, for the payment of this refund to the plaintiff.

For the appellant there was a brief by *Daniel W. Hoan,* city attorney, and *Clifton Williams,* first assistant city attorney, and oral argument by *Mr. Williams.*

For the respondent there was a brief by *Quarles, Spence & Quarles,* attorneys, and *I. A. Fish,* of counsel, and oral argument by *Mr. Fish.*

SIEBECKER, J. Sec. 1164, Stats., makes provision for the filing of a claim against a city by a taxpayer who is aggrieved by the levy and collection of any unlawful tax assessed against him. It also authorizes the common council, if the tax for which claim is made is unlawful and the conditions prescribed by law for the recovery of illegal taxes have been complied with, to allow such claim, and provides that the treasurer shall pay the amount of the claim allowed as excessive and illegal. The allegations of fact in the relation show that the common council took the usual and required steps for allowance of claims and that the city has the necessary funds on hand to pay it. It is clear that the common council acquired jurisdiction of the matter. It is contended that the defendant is justified in his refusal to audit the claim and to countersign the city order upon the ground that the plaintiff voluntarily paid this tax. It is urged that the plaintiff at the time of payment had either actual or constructive notice of the mistake of the city officers in making up the assessment roll and in levying and collecting the tax. The facts alleged show that the plaintiff had no actual notice

of the mistake, nor do the facts alleged permit of charging plaintiff with constructive notice of the mistake. It is obvious that the excessive tax was the result of a purely clerical error of the assessor, who had no intention to insert these two items twice each on the assessment roll. The plaintiff relied on the roll as found upon examination before the assessor attempted to change it and had a right to presume that it was not changed thereafter. The claim that plaintiff must act at its risk in assuming the correctness of the computation made by the taxing officers in extending the amounts of its tax on the tax roll is not well founded. It would be a most unjust imposition on taxpayers to require of them to search the books to ascertain the correctness of the entries and the computation made in extending the tax on the roll and in making statements to taxpayers at the time of payment. *Harrison v. Milwaukee,* 49 Wis. 247, 5 N. W. 326; *Gould v. Sullivan,* 84 Wis. 659, 54 N. W. 1013; *Gould v. Killen,* 152 Wis. 197, 139 N. W. 758; *Dolman v. Pitt,* 109 Mo. App. 133, 82 S. W. 1111. It is clear that plaintiff paid this unlawful tax bill without any notice of the mistake. The facts alleged show clearly that the payment of this amount was the result of a mistake of fact due to an error committed by the city officers, and plaintiff's payment thereof as a lawful tax constitutes, under the circumstances, a fraud, which entitles plaintiff to recover. The language of the court in the case of *Pacific Coast Co. v. Wells,* 134 Cal. 471, 66 Pac. 657, characterizes the transaction in apt terms: "It was an assessment made by the assessor in changing the footings of petitioner's assessment. It was paid without consideration, and the city and county have no right to it. Petitioner has paid all its just taxes, and this sum in addition. . . . The board of supervisors [here the common council], representing the county [here the city], after investigation, made an order to correct it. . . . It surely would be in violation of honesty and fair dealing" for the city to keep it. The plaintiff has a legal right to have

this amount refunded, which is made enforceable by action under the provisions of sec. 1164, Stats.

It is considered there is no merit to the following claims that the court erred in refusing to quash the writ on these grounds: (a) that the report of the committee was not properly signed or countersigned by the comptroller; (b) that there were no funds on hand out of which to pay the order—the facts allege to the contrary; (c) that plaintiff was guilty of laches—the allegations show plaintiff acted diligently; and (d) that the comptroller is presumptively acting under the advice of the city attorney.

The statute provides that "Every such claim shall be filed; and every action to recover any money so paid shall be brought within one year after such payment and not thereafter." The allegations of fact in the relation show plainly that the plaintiff proceeded properly within the year and fulfilled the calls of the statute.

*By the Court.*—The order appealed from is affirmed.