STATE EX REL. PABST BREWING COMPANY, Respondent, vs. KOTECKI, City Comptroller, Appellant.

*September 15—October 3, 1916.*

*Appeal from order: Stay of proceedings:* Mandamus: *Interlocutory judgment: City comptroller: Refusal to countersign warrant.*

1. An order refusing to quash a writ of *mandamus*, overruling a demurrer to the relation, and giving the defendant time to plead over, is such an order as is contemplated by sec. 3060, Stats., and an appeal therefrom does not operate to stay proceedings except as provided in said section.

2. Sec. 925—269*m*, Stats.,—exempting city officers, in actions against them in their official capacity, from giving bonds on appeal,— does not operate to stay proceedings pending an appeal in such an action unless a stay is specifically ordered by the court.

3. Where, pending an appeal from an order overruling a demurrer to the relation and refusing to quash the alternative writ, in a *mandamus* proceeding to compel the city comptroller of Milwaukee to countersign a warrant for the refund of excessive taxes, the circuit court entered an interlocutory judgment awarding the peremptory writ and commanding the comptroller to countersign the warrant, sec. 925—260*m*, Stats., did not authorize the comptroller to refuse to do so, even though he was advised by the city attorney that a doubt existed as to the legality of the relator's claim.

4. Nor would such a refusal be justified by any desire of the city to plead as a defense in the action that the relator had unlawfully concealed assessable property from the assessors and hence was not entitled to recover the unlawful taxes paid.

APPEAL from a judgment of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge. *Affirmed.*

This is a *mandamus* action to compel the city comptroller of the city of Milwaukee to countersign a warrant for the refund of an excessive personal property tax.

A demurrer was interposed to the writ and an order was entered by the circuit court overruling the demurrer and refusing to quash the writ. The defendant took an appeal from this order to the supreme court, and upon hearing here

the order was approved. While that appeal was pending in the supreme court the circuit court proceeded in the action and entered an interlocutory judgment commanding the defendant to audit the resolution of the common council allowing plaintiff's claim for the refund of the excessive tax and to countersign a city warrant for the amount of such refund. There is no return to the alternative writ other than the affidavit of Clifton Williams, as city attorney, filed in opposition to the court's order to show cause why the defendant should not forthwith do the things commanded by the alternative writ and in default thereof be proceeded against for contempt. The circuit court by order of January 10, 1916, held this affidavit to be a return to the alternative writ and allowed the petitioner twenty days from such date to plead to such return.

On February 2, 1916, plaintiff served notice on the city attorney that it would move for a peremptory writ on the record on February 12th. On February 26, 1916, the court made an order directing that the peremptory writ issue, and on February 29, 1916, the court further ordered that an interlocutory judgment be entered adjudging that the peremptory writ of *mandamus* issue and reserving for future adjudication the amount of the damages and costs to which petitioner is entitled and against whom the relator shall recover such costs and damages, and that the city of Milwaukee be summoned and served with a copy of the return and such order and that the city have twenty days to answer. An interlocutory judgment was entered on February 29, 1916, awarding the peremptory writ, commanding the defendant to audit the resolution of the common council and to countersign a warrant for the refund of the excessive tax paid by plaintiff, and that the questions of the liability for damages and for costs in the action be reserved for future determination in a final judgment. This appeal is taken from such interlocutory judgment.

*Clifton Williams,* city attorney, for the appellant.

For the respondent there was a brief by *Quarles, Spence &
Quarles,* attorneys, and *W. C. Quarles,* of counsel, and oral
argument by *W. C. Quarles.*

SIEBECKER, J.   The former appeal in this action to the
supreme court was from an order overruling a demurrer and
refusing to quash the writ of *mandamus* which commanded
defendant as city comptroller to audit a resolution of the com-
mon council and countersign a warrant for the return of an
excess personal property tax paid by plaintiff under an al-
leged mistake.    The facts of the case involved in the appeal
are fully stated in the report of the case and the decision of
this court in 163 Wis. 101, 157 N. W. 559.    The record be-
fore us discloses no facts on the merits of the controversy in
addition to those before the court on the former appeal.    The
inquiry now presented is, Was the circuit court justified in
proceeding in the action in circuit court during the time the
case was pending in the supreme court on such former ap-
peal?    The order embraced in the former appeal denied de-
fendant's motion to quash the writ and his demurrer thereto,
and further ordered "that defendant have twenty days with-
in which to plead over to the said relation and alternative
writ of *mandamus.*"    This is manifestly such an order as
is contemplated by sec. 3060, Stats., providing that an appeal
from such an order does not delay performance thereof or
obedience thereto, except upon compliance with such condi-
tion as the court directs, the execution of an undertaking as
required by said section, and that "no appeal from an inter-
mediate order before judgment shall stay proceedings unless
the court or the presiding judge thereof shall, in his discre-
tion, so specially order."    An appeal from an order overrul-
ing a demurrer does not stay proceedings without an order of
the court.    *Noonan v. Orton,* 30 Wis. 356; *Douglas Co. v.
Walbridge,* 36 Wis. 643.    Neither the circuit court nor

judge thereof made, as specified in this section, any direction or order to delay performance thereof or obedience thereto or any special order to stay proceedings in the case pending the appeal to this court.

The defendant contends, however, that he is relieved from procuring such action of the court to effect a stay of proceedings by sec. 925—269m, Stats. (ch. 452, Laws 1913), providing: "No officer of any city, no matter how organized, shall be required to file an undertaking or any other bond required on appeal in any court when such party has been sued in his official capacity, except in actions of *quo warranto* . . . , nor shall any city officer be liable for any costs or damages, but costs or damages, if any, shall be awarded against the city." The claim that this statute operates automatically to delay performance of the order and to stay proceedings in the action without being specially ordered by the court or judge during the pendency of the appeal in this court from the original order overruling the demurrer is not borne out by its provisions. The statute at most provides that a city officer, when sued in his official capacity, is relieved from filing an undertaking or bond required of parties to effect an appeal to this court; but there is nothing in the statute indicating that the proceedings shall be stayed without an order of the court specifically directing a stay as required by statute in all other actions, and no such order was made in this case.

It is also contended that the provisions of sec. 925—260m, Stats., to the effect that an official of any city authorized to countersign city warrants or resolutions for the expenditure of money may refuse to do so if informed in writing by the city attorney that doubt exists in regard to the legality of such expenditure until such matter is determined by the courts, operate to excuse the comptroller from abiding by the determination of the court during the pendency of the appeal. The record shows that the defendant was informed in writing by the city attorney that a doubt existed in regard

to the legality of plaintiff's claim. Manifestly under this statute the comptroller was authorized to refuse to countersign the resolution and warrant until the matter had been determined by the courts; but when a court had so determined, its proceedings were not to be stayed in carrying its adjudication into effect by authority so conferred on the city attorney and comptroller, nor can such authority be employed to defy any action of the court within its jurisdiction in dealing with the matter. Such an interpretation of the statute as defendant claims would lead to the absurdities of exempting the comptroller from obeying the lawful commands of courts in the course of a legal proceeding under the law. There is nothing in the statute indicating that the legislature intended to exempt defendant from the provisions of sec. 3060, Stats.

An examination of the record discloses nothing to warrant this court in reversing the judgment appealed from. It is suggested in argument that the city might desire to plead as a defense that plaintiff unlawfully concealed assessable property from the city assessors and hence is not entitled to recover the unlawful tax it paid which is here in question. If any of relator's property was discovered which had been omitted from the assessment roll, it was the assessing officer's duty under the statute to reassess the property within the same year, and, if this could not be done, it should have been entered on the roll once additional for each of the previous years of such omission. It is apparent that the city, under the statute, was fully empowered to reach property omitted from assessment. There is no error in the proceeding of the circuit court.

*By the Court.*—The judgment appealed from is affirmed.