Nickoll and wife, Appellants, vs. North Avenue State Bank, Respondent.

*December 6, 1940—January 7, 1941.*

*Harvey C. Hartwig, B. F. Saltzstein,* and *Chester J. Niebler,* all of Milwaukee, for the appellants.

*Vincent D. Hennessey* of Milwaukee, for the respondent.

FRITZ, J.    The appellants, B. E. Nickoll and wife, contend, upon their motion in this court for an order restraining the circuit court from entering judgment dismissing their amended complaint with costs, that the circuit court had no jurisdiction to enter such an order after the transmission of

the record by this court on October 26, 1940, pursuant to appellants' appeal from the order of October 18, 1940, sustaining the demurrer filed by the North Avenue State Bank to appellants' amended complaint and ordering judgment thereon.

Appellants' contention cannot be sustained. As this court said in *Milwaukee E. C. Mfg. Corp. v. Feil Mfg. Co.* 201 Wis. 494, 498, 230 N. W. 607,—

"After an appeal is taken the powers of both the trial and the appellate courts are determined by the statutes which regulate such appeals."

Inasmuch as the appeal in the case at bar is but from an intermediate order, which provides that the bank's demurrer to the complaint be sustained and that it have judgment thereon, the following provisions in sec. 274.24, Stats., are applicable, to wit:

"When the appeal is from an order the execution or performance thereof or obedience thereto shall not be delayed except upon compliance with such conditions as the court or the presiding judge thereof shall direct, and when so required an undertaking shall be executed on the part of the appellant, by at least two sureties, in such sum and to such effect as the court or the presiding judge thereof shall direct; such effect shall be directed in accordance with the nature of the order appealed from, corresponding to the foregoing provisions in respect to appeals from judgments, where applicable, and such provision shall be made in all cases as shall properly protect the respondent; and *no appeal from an intermediate order before judgment shall stay proceedings unless the court or the presiding judge thereof shall, in his discretion, so specially order."*

Under the last clause in this statute there is clearly vested in the trial court discretionary power in respect to the granting of a stay of proceedings on appeal from such an inter-

mediate order as the appellants appealed from in this case, and the appeal itself could not operate to stay proceedings unless the court or presiding judge thereof "so specially ordered." Because of the absence of such an order, there continued applicable the provisions in the first clause of sec. 274.24, Stats., that "the execution or performance" of the order appealed from "or obedience thereto shall not be delayed." Consequently, there continued to be vested in the circuit court jurisdiction to proceed in relation to the further execution or performance of its order which had not been stayed. In passing upon a defendant's contentions under analogous circumstances, that the circuit court was without jurisdiction, after entering an order overruling defendant's demurrer from which he appealed, to proceed in the action pending the appeal by entering an interlocutory judgment, this court said in *State ex rel. Pabst Brewing Co. v. Kotecki,* 164 Wis. 69, 71, 159 N. W. 583,—

"The inquiry now presented is, Was the circuit court justified in proceeding in the action in circuit court during the time the case was pending in the supreme court on such former appeal? The order embraced in the former appeal denied defendant's motion to quash the writ and his demurrer thereto, and further ordered 'that defendant have twenty days within which to plead over to the said relation and alternative writ of *mandamus.'* This is manifestly such an order as is contemplated by sec. 3060, Stats. [now sec. 274.24]. . . . An appeal from an order overruling a demurrer does not stay proceedings without an order of the court."

In *Jones v. Providence Washington Ins. Co.* 151 Wis. 274, 278, 138 N. W. 1005, the court said,—

" . . . it has been recognized for many years that there is a qualified jurisdiction after appeal still remaining in the circuit court which may be called into activity by permission of this court. It may be said further that nowhere do the appeal statutes say expressly or by fair implication that the trial court entirely loses jurisdiction of an action

after appeal. The implications are rather the other way. An appeal is fully perfected by the giving of the notice and bond for costs, but further proceedings are not stayed in the trial court unless an undertaking to stay them be given. Even when this last named undertaking is given the effect is to stay action on the judgment or order appealed from, and the court is at liberty to proceed 'upon any other matter included in the action not affected by' such judgment or order. Sec. 3066, Stats. (1898). So it is clear that jurisdiction in a qualified sense at least remains in the trial court subject to the stay of proceedings imposed in aid of the appeal."

It follows that appellants' motion must be denied.

*By the Court.*—Motion denied with $25 costs.