STATE EX REL. VAN DYKE FORD, INC., and others, Petitioners, v. CANE, Acting Circuit Judge, and another, Respondents.

*Decided November 25, 1975.*
(Also reported in 235 N. W. 2d 672.)

For petitioners: *James R. Hill* and *Krizenesky & Hill* of Menasha.

For respondents: *Robert M. Sigman* of Appleton.

WILKIE, C. J.   An alternative writ of prohibition has been issued by this court staying a trial in the case of Appleton State Bank v. Van Dyke Ford, Inc., Charles J. Newman, and Roland D. Van Dyke, pending this court's disposition of an appeal taken by Van Dyke Ford, Inc., and others from the overruling by the trial court of a demurrer to the bank's complaint for the collection of the balance owing on defaulted notes.

The sole issue here is whether the trial court, in the circumstances of this case, can proceed with the trial of a case when such an appeal has been taken to this court. We hold that it can and we therefore deny petitioners' request to make the alternative writ of prohibition absolute.

On October 1, 1974, plaintiff bank commenced this action against defendant Van Dyke Ford, Inc., et al. The defendants requested an extension of sixty days within which to file their answer. The extension was actually granted on October 27, 1974. Then, on January 24, 1975, with only two days left to answer, the defendants requested a substitution of judge. On this same day, defendants commenced a federal action against the plaintiff bank regarding alleged antitrust violations which supposedly contributed to the default.

In the end, defendants let the sixty days go by without an answer, and on January 28, 1975, plaintiff moved for default judgment. On that same day, defendants produced a one-sentence demurrer, a motion to dismiss for defective service, and a motion to stay pending resolution of the federal suit. On February 7, 1975, the substitute

judge, Judge CANE, ordered briefs on all these motions, and also ordered the defendants to answer (without prejudice to their demurrer or other motions). Defendants finally answered on February 27, 1975. On June 2d, Judge CANE issued a written opinion denying plaintiff's motion for default judgment, overruling defendants' demurrer, and denying all of defendants' various motions. In this opinion the judge informed the parties that trial was set for September 2d. On August 25th, Judge CANE entered a written order, embodying his decisions of June 2d. On the same day, defendants served notice of appeal to this court and perfected their appeal by serving an undertaking for costs upon the plaintiff. On August 27th Judge CANE denied a motion for a stay of proceedings pending appeal, declaring on the record his finding that the appeal was made solely for dilatory purposes. Defendants then made an application for a stay of proceedings to this court. However, since Judge CANE had announced his intention of going forward with the September 2d trial, and since this application had not been acted upon, the defendants then procured an alternative writ of prohibition on August 28, 1975, staying the trial until a hearing could be held regarding the issuance of a permanent writ of prohibition. A hearing was held in this court on September 16, 1975.

The general rule, as stated in *State ex rel. Freeman Printing Co. v. Luebke*,[1] is that an appeal duly perfected divests the trial court of jurisdiction of the subject matter of the appeal and transfers it to the appellate court where it remains until the appellate proceeding terminates and the trial court regains jurisdiction.

The difficulty with *Freeman* is that the reasoning and the conclusion reached there were apparently without any consideration of the provisions of sec. 274.24, Stats., or of the several cases construing that section.[2]

---

[1] (1967), 36 Wis. 2d 298, 152 N. W. 2d 861.

[2] *Nickoll v. North Avenue State Bank* (1941), 236 Wis. 588, 295 N. W. 715; *Hill v. Gates County* (1901), 112 Wis. 482, 88 N.

Sec. 274.24, Stats., provides, in part:

". . . no appeal from an intermediate order before judgment shall stay proceedings unless the court or the presiding judge thereof shall, in his discretion, so specially order."

*Supervisors of Douglas County v. Walbridge*[3] is one of several cases considering the trial court's jurisdiction to proceed in the face of an appeal to this court from an order overruling a demurrer. After deciding that the appeal could not be dismissed, this court held that copies should be substituted for the original records upon appeal, and that the cause should proceed in the trial court pending the appeal. The court clearly and unequivocally stated the rule and interpreted the statute now codified as sec. 274.24:

". . . The legislature has conferred the right of appeal from certain orders made in the progress of a cause, among which are orders overruling demurrers . . . and has at the same time left it to the discretion of the circuit judge, in each case, whether there shall or shall not be a stay of proceedings pending the appeal. . . . If the judge refuses to grant a stay of proceedings, the cause must go on in the circuit court the same as though no appeal had been taken; . . ."[4]

In *Walbridge* the trial court was willing in its discretion to grant a stay, but the appellant could not come up with the required undertaking. The court decided that this amounted to the same thing as a denial of a stay by the trial court, and that the case should therefore go forward:

". . . In this case the appellants have failed to procure a stay of proceedings, and the plain intention of the law is that the plaintiff shall be permitted to go on with the action in the circuit court, regardless of the appeal. To enable the plaintiff to do so, the original record must

W. 463; *Supervisors of Douglas County v. Walbridge* (1875), 36 Wis. 643; *Noonan v. Orton* (1872), 30 Wis. 356.

[3] *Supra*, footnote 2.

[4] *Id.* at page 644.

necessarily be returned to that court; and we think it right and proper, under the circumstances, that the same be so returned."[5]

The general rule that an appeal duly perfected divests the trial court of subject-matter jurisdiction applies to so many appellate situations that this court in *Freeman* failed to take note of that special situation where it does not apply, namely, when a trial court, pursuant to sec. 274.24, Stats., and the *Walbridge Case,* does not grant a stay when there is an appeal from a pretrial order like the overruling of a demurrer.[6]

*Nickoll v. North Avenue State Bank*[7] also interpreted sec. 274.24, Stats., to allow the trial court to proceed further in a cause which had been appealed. In that case the trial court sustained the defendant's demurrer, and in its order stated that plaintiffs' complaint would be dismissed unless they complied with certain conditions. They did not comply with these conditions, but they did perfect an appeal from the sustaining of the demurrer. However, they did not procure from the trial court a stay of the order sustaining the demurrer. While the appeal was pending, the trial court dismissed the complaint, since plaintiffs had not complied with the prescribed conditions. This court held that this result was required by sec. 274.24. In *Freeman* this court questioned the holding of *Nickoll.* The *Freeman* court stated that it was "misleading" to conclude that *Nickoll* stood for the proposition that a trial court had jurisdiction to dismiss a complaint pending appeal of an order sustaining a demurrer to the complaint.[8] The court read *Nickoll* very narrowly, limiting it to the peculiar situation of a trial court acting

---

[5] *Id.* at page 645.

[6] *See also: Noonan v. Orton* (1872), 30 Wis. 356; *Hill v. Gates County* (1901), 112 Wis. 482, 88 N. W. 463; for similar interpretations of sec. 274.24, Stats.

[7] (1941), 236 Wis. 588, 295 N. W. 715.

[8] *State ex rel. Freeman Printing Co. v. Luebke, supra,* footnote 1, at page 304.

upon a "self-executing" order after perfection of an appeal.[9] However, this narrow interpretation of *Nickoll* is unpersuasive, since the *Freeman* court never mentioned the explicit language of sec. 274.24, nor the prior holdings of the court in *Walbridge, Noonan v. Orton,*[10] and *Hill v. Gates County.*[11]

It might be argued here that sec. 274.30, Stats., requires that proceedings below be stayed once an appeal has been perfected. This statute provides in relevant part as follows:

"Whenever an appeal shall have been perfected and the proper undertaking given or other act done, prescribed by this chapter, to stay the execution or performance of the judgment or order appealed from, all further proceedings thereon shall be thereby stayed accordingly, . . ."

But this statute is not at all inconsistent with the language of sec. 274.24. Sec. 274.30 sets forth two requirements for a stay of the proceedings in the lower court. The first is that the appeal to this court be duly perfected, which occurred in this case when the appellant served his undertaking for costs upon the plaintiff (sec. 274.11 (2)). The second and separate requirement for a stay is that the appellant either give a proper stay undertaking or do some other act, *whichever is prescribed by ch. 274.* Since this is an appeal from a prejudgment order, sec. 274.24 applies, and that section requires that an "act" be "done," rather than that a simple stay undertaking be given. That "act done" must be the procurement of a stay from the trial court, as provided by the last sentence of sec. 274.24. If the trial court in its reasonable discretion denies such a stay, no "act" has been "done" which is sufficient to stay the order appealed from. Thus, the second requirement of sec. 274.30 has

---

[9] *Id.*

[10] *Supra,* footnote 2.

[11] *Supra,* footnote 2.

not been fulfilled, and consequently there is no stay of proceedings pending appeal.

It is important to point out the legislative history of the statute now codified as sec. 274.24. That section, which allows a trial court to proceed with cases pending appeal, was not enacted prior to enactment of the statute now codified as sec. 274.33 (3), providing for appeal from orders overruling demurrers, or prior to enactment of sec. 274.30, setting forth the procedure for routine stay of proceedings pending appeal. All of these statutes were created together in 1860, as part of the same statutory scheme.[12] Thus it cannot be argued that sec. 274.24 is a vestige of some earlier scheme, and so was implicitly repealed by later statutes allowing appeal from orders on demurrers or providing for routine stay of proceedings pending appeal. On the contrary, since what are now secs. 274.24, 274.33 (3), and 274.30 were all enacted together, they must be presumed to be consistent and must be construed together with the aim of preserving their consistency. This is another reason for construing sec. 274.30 in a way which preserves the power of a trial court to proceed with a cause in spite of an appeal from a prejudgment order.

It might also be argued that sec. 274.24, Stats., is inapplicable to this case, since it talks about "intermediate orders," and an order overruling a demurrer is not an "intermediate order," but an "appealable order," specifically made so by statute. Yet it must be conceded that, while the statute does use the words "intermediate order," it clearly means by this "prejudgment *appealable*

---

[12] The relevant portions of secs. 274.24, 274.33 (3), and 274.30, Stats., were enacted as Laws of 1860, ch. 264, sec. 18, sec. 10 (3), and sec. 28, respectively. Laws of 1860, ch. 264, sec. 28, provided for a routine stay only upon appeal from a judgment. By R. S. 1878, ch. 132, sec. 3066, present sec. 274.30, was revised to provide for a stay upon appeal from an order, when the act required by ch. 274, such as procurement of a stay from the trial court, had been done.

orders," like an order overruling a demurrer, and not "intermediate order" in the modern sense of the phrase (*i.e.*, nonappealable orders which, however, may be reviewed upon an appeal from a judgment, if such orders involve the merits and necessarily affect the judgment).[13] The entire phrase used in sec. 274.24 is "appeal from an intermediate order before judgment," which clearly refers to prejudgment appealable orders like an order overruling a demurrer.

Finally, it could be argued that sec. 274.11 (4), Stats., prevents a trial court from proceeding after an appeal has been perfected. This statute reads as follows:

"The right of appeal shall exist from the time of the entry of the appealable order or judgment and in cases of appeal the supreme court shall have jurisdiction over the subject matter of the action from that time. The procedural requirements of subs. (1), (2) and (3) and of this chapter shall relate only to the jurisdiction of the court over the parties to the appeal."

This is a later addition to ch. 274, having been enacted as Laws of 1959, ch. 189. One could interpret this statute to mean that this court has exclusive subject-matter jurisdiction of an action from the time that an appealable order is entered, assuming of course that an appeal is duly perfected. Such an interpretion would have the effect of implicitly repealing sec. 274.24, which allows a trial court to proceed with an action upon appeal from a prejudgment order. However, it does not appear that this late addition to ch. 274 was meant to confer exclusive subject-matter jurisdiction upon this court in an appeal from a prejudgment order. The first three requirements of sec. 274.11 dealt with this court's personal jurisdiction, and the intent of sub. (4) was to decide when this court first got subject-matter jurisdiction. Establishment of a time when this court first gets subject-matter jurisdiction is consistent with continuing and

---

[13] *See:* Sec. 274.34, Stats.

concurrent subject-matter jurisdiction in the lower court when there is an appeal from a prejudgment order. This is especially so in light of the fact that sec. 274.24, and the cases which interpret it, have expressly recognized a concurrent jurisdiction in this court and in the trial court when there is an appeal from an intermediate order before judgment. This court has jurisdiction to hear and decide the appeal, and the trial court has jurisdiction, pending the appeal from the prejudgment order, to proceed with the action.

There are also important policy considerations which militate in favor of giving the language of sec. 274.24, Stats., its obvious meaning. If an appellant has an automatic and assured right to a stay pending the outcome of an appeal from an order overruling a demurrer, there is an obvious potential for abuse. A party whose only motive is delay can interpose a frivolous demurrer, have it overruled, and then effectively stop the action by appealing. The defendants here have employed every conceivable device to delay resolution of this case, and the trial court so found in its denial of a stay. Here, then, is a proper area for the exercise of discretion by the trial court. It can tell from the actions of the parties, and their demeanor during proceedings, whether the real motive for a stay is dilatory, and can accordingly deny a stay when it so finds. If this court disagrees, and is satisfied that there is an abuse of discretion, then it can order a stay itself.

Of course, it can be argued that, if this court is satisfied that delay is the motive, then it can, after a proper motion, dismiss the appeal on the ground of frivolity. However, this will take time, and, in the meantime, the proceedings below will be stayed. In addition, the limited time and resources of this court will be used up in a trivial matter. Finally, it is clear that the trial court is in the best position to decide whether or not delay is the main motive.

Because what we say here differs from our holdings in *Freeman,* we therefore withdraw anything said there that is inconsistent with what we hold here.

*By the Court.*—The writ of prohibition absolute is denied.